## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| JUAN MENDEZ, MERCEDES CRUZ, MAXIMO GUERRERO, FELIPE FIGERUROA, HERIBERTO LABOY, MARCEL HIPPOLYTE, SANDRO RIVERA, LUCHO HERNANDEZ, GEORGIE ANTHONY ACOSTA, SHAWN SMITH, MARCELO LANDERS, ORLANDO PAGAN, MICHAEL BYNOE, ELROD BAPTISTE, BERTRIL WILLIAM, THOMAS DUPARL, JOSEPH NICHOLAS, ORSON ORLANDO FLEMMING, GREGORY LA FORCE, PIUS AURELIEN, CATHERINE SABIN, MIQUEL LIRIANO, JOSH GONDELEC, NATHANIEL HOBSON, MARK VITALIS, MARCO RIJO, SABINO CASTILLO, IRA CLAXTON, ALFRED JAMES, HUMBERTO ORTIZ, JOSEPH OSCAR, ERNESTO RODRIGUEZ, SENCION GUERRERO, ALFREDO DIAZ, CYRIL THOMAS, SOSTENES MONTILLA, ANGEL OSCAR VELASQUEZ LOPEZ, ANGEL OSCAR VELASQUEZ MARTINEZ, KEITH LOUIS SIMON, JR., JORGE RODRIGUEZ, ROBERT L. JONES CHARLEMAN, WALDEMAR OLMEDA, RODOLF R. KOCK, LUIS A. MEDINA, BIENVENIDO CARRASCO, RAQUEL CONCEPCION, JOSE GONZALEZ, and CARLOS GARCIA, <br><br> Plaintiffs, <br> v. <br><br> PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC, <br><br> Defendants. | 1:05-cv-174 |
| SHAWN SMITH and MICHAEL BYNOE, <br><br> v. <br><br> PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC, <br><br> Defendants. | 1:05-cv-199 |

**TO:** Lee J. Rohn, Esq.
Maxwell D. McIntosh, Esq.
Charles E. Engeman, Esq.
Linda J. Blair, Esq.

### ORDER DENYING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

THIS MATTER came before the Court upon Plaintiffs' Motion to Modify Scheduling Order [Doc #:122] [sic](1:05-cv-174, Docket No. 167). Defendants Plant Performances Services, LLC, and Fluor Corporation filed an opposition to said motion, and Plaintiff's filed a reply thereto.

Factual discovery in this matter closed on November 30, 2009. Scheduling Order (1:05-cv-174, Docket No. 122), entered February 19, 2009. By their current motion, Plaintiffs seek to re-open discovery.[1] Plaintiff claims that "[g]ood cause exists to modify the scheduling order in this matter. First, this is a multi-party case in which written discovery between Plaintiffs and Defendants P2S and Fluor only commenced within approximately the past thirty days." Motion at 3.

According to Rule 16(b) of the Federal Rules of Civil Procedure, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The rule in this jurisdiction is that movant must offer justification for its delay in seeking the discovery. *See, e.g., Johnson v. Thru-Point, Inc.*, 160 Fed. Appx. 159, 162 (3d Cir. 2005) (where the court states, "Untimely amendments and discovery are disfavored where the movant offers no justification for the delay"). This Court previously has held that "[t]o establish 'good cause'" under Rule 16(b)(4), 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible. In

---

[1] The said motion was filed on December 1, 2009, one (1) day after discovery had closed.

addition, courts consider whether granting the extension would prejudice the non-moving party.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, Civil 2005-46, 2008 WL 4642191 at *6 (D.V.I. October 15, 2008) (quoting *Crossley v. Elliot*, 2008 WL 2944667 at *1 (D.V.I.2008) (internal quotation omitted)).

This is Plaintiffs' case. It is their responsibility to prosecute their claims. Despite their efforts to blame said Defendants' motions for stay and counsel for Plaintiffs' heavy docket for incomplete discovery, the record is clear that no blanket stay of discovery was ever imposed.[2] Moreover, it is not apparent from Plaintiffs' motion that the "rocket docket" deadlines that counsel claims overwhelmed counsel's recent calendar affected counsel for the entire duration of the discovery period in this matter. Nothing in Plaintiffs' motion explains what precluded Plaintiff from engaging in written discovery and scheduling and noticing depositions of fact witnesses or the 30(b)(6) depositions of any Defendant or what made the "diligent pursuit of discovery . . . *impossible*" during the entire four years between the filing of the complaint on November 14, 2005, to the close of discovery on November 11, 2009. *Christian v. U.S.*, No. Civ. A. 98-2045, 1999 WL 1018252 at *3 (E.D. Pa. November 8, 1999) (emphasis added). *See also McElyea v. Navistar Int'l Transportation Corp.*, 788 F. Supp. 1366, 1371 (E.D. Pa. 1991).

As just noted, this matter has been pending for over four (4) years. The Court finds that Plaintiffs have been afforded more than adequate time to conduct discovery and have failed to show good cause for extending the discovery deadline or reopening discovery. In addition, the Court finds

---

[2] Said Defendants' motion to compel arbitration and for stay was granted only as to eight (8) Plaintiffs. *See* Order (Docket No. 110).

that Plaintiffs' failure to file their motion prior to the expiration of the discovery period does not rise to the level of excusable neglect.[3] Counsel gives absolutely no explanation why the motion was filed after the deadline. Further, the Court finds that reopening discovery at this juncture would be prejudicial to Defendants' interest in advancing the case in an orderly and prompt manner.

Accordingly, it is now hereby **ORDERED** that Plaintiffs' Motion to Modify Scheduling Order [Doc #:122] [sic] (1:05-cv-174, Docket No. 167) is **DENIED**.

ENTER:

Dated: January 8, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

---

[3] Federal Rule of Civil Procedure 6(b), which governs extending time, provides, in pertinent part: "[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).