# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JUAN MENDEZ, MERCEDES CRUZ, MAXIMO GUERRERO, FELIPE FIGERUROA, HERIBERTO LABOY, MARCEL HIPPOLYTE, SANDRO RIVERA, LUCHO HERNANDEZ, GEORGIE ANTHONY ACOSTA, SHAWN SMITH, MARCELO LANDERS, ORLANDO PAGAN, MICHAEL BYNOE, ELROD BAPTISTE, BERTRIL WILLIAM, THOMAS DUPARL, JOSEPH NICHOLAS, ORSON ORLANDO FLEMMING, GREGORY LA FORCE, PIUS AURELIEN, CATHERINE SABIN, MIQUEL LIRIANO, JOSH GONDELEC, NATHANIEL HOBSON, MARK VITALIS, MARCO RIJO, SABINO CASTILLO, IRA CLAXTON, ALFRED JAMES, HUMBERTO ORTIZ, JOSEPH OSCAR, ERNESTO RODRIGUEZ, SENCION GUERRERO, ALFREDO DIAZ, CYRIL THOMAS, SOSTENES MONTILLA, ANGEL OSCAR VELASQUEZ LOPEZ, ANGEL OSCAR VELASQUEZ MARTINEZ, KEITH LOUIS SIMON, JR., JORGE RODRIGUEZ, ROBERT L. JONES CHARLEMAN, WALDEMAR OLMEDA, RODOLF R. KOCK, LUIS A. MEDINA, BIENVENIDO CARRASCO, RAQUEL CONCEPCION, JOSE GONZALEZ, and CARLOS GARCIA, <br><br>         Plaintiffs,<br> v.<br><br>PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC,<br><br>         Defendants. | ‖ | 1:05-cv-174 |
| SHAWN SMITH and MICHAEL BYNOE,<br><br> v.<br><br>PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC,<br><br>         Defendants. | ‖ | 1:05-cv-199 |

**TO:** **Lee J. Rohn, Esq.**
**Maxwell D. McIntosh, Esq.**
**Charles E. Engeman, Esq.**
**Linda J. Blair, Esq.**

## ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS

THIS MATTER came before the Court upon Plaintiffs' Motion For Sanctions For Failure to Obey Court's Order of June 29, 2009[,] and August 3, 2009 (1:05-cv-174, Docket No. 166). The time for filing a response has expired.

The said orders (Docket Nos. 152 and 154, respectively) directed Defendant Puerto Rican International Companies to provide to counsel for all parties its Rule 26 voluntary self-disclosures on or before July 10, 2009, and, in view of the failure to so provide such disclosures by said deadline, the Court set a new deadline and further sanctioned said Defendant in the amount of $500.00. Plaintiffs' current motion for sanctions asserts that said Defendant failed to comply with the orders. In addition, the record is devoid of any notice by said Defendant that such disclosures have been served upon any party or that said Defendant has paid the sanction.

Having thus reviewed the said motion and upon due consideration thereof, the Court finds that said Defendant is in violation of the Court's orders. The said orders also gave notice to said Defendant that noncompliance would result in further sanctions. Consequently, the Court will grant Plaintiffs' motion.

Rule 37 specifically provides:

If a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply

> evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . ."

Fed. R. Civ. P. 37(c)(1). In the matter at bar, said Defendant has not justified, nor even attempted to justify, its failure to provide the information. Moreover, as the Court recently denied Plaintiffs' motion to modify the scheduling order, discovery in this matter has closed and trial is scheduled to commence September 13, 2010. The Court would be hard pressed to find that said Defendant's failure to provide its self-disclosures are "harmless." Therefore, in addition to costs and attorney's fees, the Court will impose the sanction of barring said Defendant from using any information or witness it was required to have provided or identify by Rule 26(a) or Rule 26(e) to supply evidence on a motion, at a hearing, or at trial.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion For Sanctions For Failure to Obey Court's Order of June 29, 2009[,] and August 3, 2009 (1:05-cv-174, Docket No. 166) is **GRANTED**.

2. Defendant Puerto Rican International Companies, Inc., shall provide to counsel for all parties its initial disclosures pursuant to Fed. R. Civ. P. 26(a) on or before **January 19, 2009**.

3. Defendant Puerto Rican International Companies, Inc., shall pay to counsel for Plaintiffs, on or before **January 19, 2009**, the sum of **$1,000.00** as costs and attorney's fees for filing the motions for sanctions and file notice of payment with the Court.

4. Defendant Puerto Rican International Companies, Inc., is **BARRED** from using any information it was required to have provided or witness it was required to identify by Rule 26(a) or Rule 26(e) to supply evidence on a motion, at a hearing, or at trial of this matter.

4. Failure to comply with this Order shall result in further sanctions, which may include striking said Defendant's affirmative defenses or the entering of default judgment against said Defendant or holding said Defendant in contempt of court.

    ENTER:

Dated: January 14, 2010      /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE