# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JUAN MENDEZ, MERCEDES CRUZ, MAXIMO GUERRERO, FELIPE FIGERUROA, HERIBERTO LABOY, MARCEL HIPPOLYTE, SANDRO RIVERA, LUCHO HERNANDEZ, GEORGIE ANTHONY ACOSTA, SHAWN SMITH, MARCELO LANDERS, ORLANDO PAGAN, MICHAEL BYNOE, ELROD BAPTISTE, BERTRIL WILLIAM, THOMAS DUPARL, JOSEPH NICHOLAS, ORSON ORLANDO FLEMMING, GREGORY LA FORCE, PIUS AURELIEN, CATHERINE SABIN, MIQUEL LIRIANO, JOSH GONDELEC, NATHANIEL HOBSON, MARK VITALIS, MARCO RIJO, SABINO CASTILLO, IRA CLAXTON, ALFRED JAMES, HUMBERTO ORTIZ, JOSEPH OSCAR, ERNESTO RODRIGUEZ, SENCION GUERRERO, ALFREDO DIAZ, CYRIL THOMAS, SOSTENES MONTILLA, ANGEL OSCAR VELASQUEZ LOPEZ, ANGEL OSCAR VELASQUEZ MARTINEZ, KEITH LOUIS SIMON, JR., JORGE RODRIGUEZ, ROBERT L. JONES CHARLEMAN, WALDEMAR OLMEDA, RODOLF R. KOCK, LUIS A. MEDINA,  BIENVENIDO CARRASCO, RAQUEL CONCEPCION, JOSE GONZALEZ, and CARLOS GARCIA, | ‖ | 1:05-cv-174 |
| Plaintiffs, | ‖ | |
| v. | ‖ | |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC, | ‖ | |
| Defendants. | ‖ | |
| SHAWN SMITH and MICHAEL BYNOE, | ‖ | |
| v. | ‖ | 1:05-cv-199 |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC. (PIC); FLUOR CORPORATION d/b/a FLUOR DANIEL CONSTRUCTION; PLANT PERFORMANCE SERVICES, LLC (P2S); and HOVENSA, LLC, | ‖ | |
| Defendants. | ‖ | |

**TO:** Lee J. Rohn, Esq.
Maxwell D. McIntosh, Esq.
Charles E. Engeman, Esq.
Linda J. Blair, Esq.

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiffs' Motion to Compel Defendant Puerto Rican International Companies to Respond to Discovery (1:05-cv-174, Docket No. 178). The time for filing a response to the said motion has expired.

Having reviewed the said motion and the record herein, the Court finds that said Defendant has not responded to the discovery at issue. At the same time, the Court notes that discovery in this matter closed on November 30, 2009. Scheduling Order (1:05-cv-174, Docket No. 122), entered February 19, 2009.

The Court previously has adopted the general rule that motions to compel discovery must be filed within the time allowed for the discovery itself.

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Buttler v. Benson,* 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n.8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan. 1995)

> (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). *See also, e.g.*, *Ayala-Gerena v. Bristol Meyers-Squibb, Co*., 95 F.3d 86, 94 (1st Cir. 1996) (where the appellate court ruled that the district court's denial of "what was clearly" an untimely motion to compel document production was not an abuse of discretion where movants "waited more than one month after a second extended discovery deadline had elapsed to properly request an order"); *Lloyd v. Waffle House, Inc*., 347 F. Supp. 2d 249, 256 (W.D.N.C. 2004) (where the court flatly declares, " A motion to compel discovery must be filed within the discovery deadline"); *Capozzi v. Gale Group, Inc*., Civil No. 3:00CV2129 (WWE), 2002 WL 1627626 (D. Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-GV, 2001 WL 1910058 at *4 (W.D. Tenn. September 21, 2001) (where the court states "Moreover, the motion to compel was filed with the court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline") (footnote omitted)). Consequently, the Court finds that Plaintiff's motion to compel, filed over a month after the close of fact discovery, is untimely.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Defendant Puerto Rican International Companies to Respond to Discovery (1:05-cv-174, Docket No. 178) is **DENIED**.

ENTER:

Dated: February 12, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE