NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| Juan MENDEZ, et al., | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 05-174 |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al., | (Consolidated with No. 05-199) |
| Defendants. | OPINION |

THOMPSON, U.S.D.J.[1]

## I. INTRODUCTION

This matter has come before the Court upon the Motion for Sanctions filed by Defendants Hovensa, LLC, Fluor Corporation, Fluor Enterprises, Inc., Plant Performance Services, LLC, and Plant Performance Services International, Ltd. (collectively, "Defendants"). (Case No. 05-174: Docket Entry Nos. 694, 699, 700 and Case No. 05-199: Docket Entry Nos. 548, 553, 554). Plaintiffs oppose the motion. (Case No. 05-174: Docket Entry Nos. 701, 704, 705 and Case No. 05-199: Docket Entry Nos. 555, 558, 559). The Court has decided these matters upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Defendants' Motion for Sanctions is denied.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## II. BACKGROUND

This motion concerns whether Plaintiffs' counsel violated a confidentiality clause in a mediation agreement ("Mediation Agreement") by making certain statements about mediation in a document filed in this employment discrimination case. For the purposes of this motion, the Court assumes the parties' familiarity with the underlying facts in this case and summarizes briefly those facts relevant to the Court's decision.

In late 2005, two employment discrimination lawsuits were initiated against Defendants. The first, *Mendez, et al. v. Puerto Rican Int'l Cos. Inc., et al.*, was filed in November 2005. (Case No. 05-174: Docket Entry No. 1). The second, *Smith, et al. v. Puerto Rican Int'l Cos., et al.*, was filed in December 2005. (Case No. 05-199: Docket Entry No. 1). The two cases were consolidated on March 24, 2006. (Case No. 05-199: Docket Entry No. 18).

In March 2006, Defendants moved to stay proceedings pending arbitration. (Case No. 05-174: Docket Entry No. 26).[2] Defendants' motion was granted on August 13, 2007, as to all but fifteen of the plaintiffs. (Case No. 05-174: Docket Entry No. 110). Defendants appealed the Court's decision as to those fifteen plaintiffs on October 12, 2007, (Case No. 05-174: Docket Entry Nos. 111, 112, 113), and the Third Circuit affirmed on February 23, 2009, (Case No. 05-174: Docket Entry No. 127). A number of the plaintiffs' claims against Defendant Hovensa, LLC were resolved through arbitration. (Case No. 05-174: Docket Entry No. 184).

Following the Third Circuit's decision, Defendants moved to compel arbitration and to stay proceedings pending arbitration as to the other fifteen plaintiffs. (Case No. 05-174: Docket Entry No. 129). The District Court denied Defendants' motion on July 1, 2010, (Case No. 05-174: Docket Entry Nos. 212, 214), and Defendants appealed, (Case No. 05-174: Docket Entry

---

[2] As the *Mendez* and *Smith* actions were consolidated, the Court henceforth cites only to the *Mendez* docket in this Opinion.

2

No. 240). The Third Circuit affirmed on August 12, 2011. (Case No. 05-174: Docket Entry No. 609).

On August 4, 2010, Defendants moved to dismiss the claims of eight of the plaintiffs for failure to prosecute. (Case No. 05-174: Docket Entry No. 314). Plaintiffs' counsel responded by opposing the motion to dismiss with respect to three of the plaintiffs, (Case No. 05-174: Docket Entry No. 383), and moving to withdraw as counsel with respect to the other five plaintiffs because representation had "been rendered unreasonably difficult or impossible," (Case No. 05-174: Docket Entry No. 392). The Court denied both motions on September 29, 2010. (Case No. 05-174: Docket Entry No. 466).

An amended complaint was filed on January 24, 2011. (Case No. 05-174: Docket Entry No. 558). Defendants then moved on September 27, 2011, to dismiss the claims of four of the plaintiffs for failure to prosecute. (Case No. 05-174: Docket Entry No. 612). Those plaintiffs opposed the motion, (Case No. 05-174: Docket Entry No. 656), and two of those plaintiffs, Luis Medina and Alfred James ("Medina Plaintiffs"), subsequently filed a motion for leave to supplement their opposition on March 22, 2012, (Case No. 05-174: Docket Entry No. 688). In their brief in support of the motion for leave to supplement, the Medina Plaintiffs sought to explain why they had not been deposed by Defendants and stated that they had offered to be available for depositions at mediation proceedings that took place in March 2012. (*Id.*). They also wrote that Defendants chose not to depose the Medina Plaintiffs at that time[3] and did not appear for a third day of scheduled mediation. (*Id.*).[4]

---

[3] Defendants point out that fact discovery was closed as to depositions and written discovery and contend that, as a result, taking the Medina Plaintiffs' depositions would have been improper at that time. (Case No. 05-174: Docket Entry No. 694).

[4] Specifically, the Medina Plaintiffs wrote, in pertinent part, that
> [t]his matter was mediated for the first time on March 1-2, 2012 . . . . The mediation was scheduled to continue on the morning of Saturday, March 3. It did not go forward as scheduled. Instead, the twenty

3

On April 26, 2012, Defendants filed this Motion for Sanctions, claiming that the representations concerning mediation proceedings that were made in the Medina Plaintiffs' brief violated the Mediation Agreement's confidentiality clause as well as Local Rule of Civil Procedure 3.2. (Case No. 05-174: Docket Entry No. 694). On May 20, 2013, this case was reassigned to this New Jersey judge. (Case No. 05-174: Docket Entry No. 761). The Court now considers the merits of Defendants' Motion for Sanctions.

### III. ANALYSIS

Defendants argue that the Medina Plaintiffs violated the Mediation Agreement as well as Local Rule of Civil Procedure 3.2 when they made certain statements about mediation proceedings in a brief filed with this Court. (Case No. 05-174: Docket Entry No. 694). The Mediation Agreement states that "[t]he purpose of this Agreement is to ensure that the parties to the mediation understand the nature, costs and terms of this mediator's services as well as the responsibility of the parties and the mediator to maintain the confidentiality of the mediation process." (Case No. 05-174: Docket Entry No. 694, Attach. 3). The parties

> agree[d] not to disclose to anyone, at any time, any communication made and documents produced during the mediation proceedings except for the disclosure of any settlement agreement, which is ultimately signed by the parties to the mediation. All statements made in mediator follow-up thereafter at anytime prior to complete settlement of this matter are privileged settlement discussions and are non-discoverable and inadmissible for any purpose including in any legal proceedings. [The parties were] however free to discuss any communication made during the mediation proceedings with [their] attorneys, CPA's, religious and mental health counselors, provided that they are bound not to disclose these communications to third parties who could be required to disclose them to others.

(*Id.*).

---

> Plaintiffs who are still actively litigating this matter . . . all arrived for the continuation of mediation on Saturday, March 3, as scheduled and agreed to by the parties and the mediator on the evening of March 2. The Defendants and their counsel did not appear at all on March 3. In fact, not only did they fail to appear, neither the Defendants nor any of their legal counsel had the common courtesy to send the Plaintiffs' counsel an email or any other communication indicating that they would not appear for mediation on March 3 as scheduled and agreed.

(Docket Entry No. 542 at 4).

4

Additionally, Virgin Islands Local Rule of Civil Procedure 3.2 states that "[e]ach party involved in a Court-ordered mediation conference has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding." LRCi 3.2(e)(4). The Rule also provides that "[a]ll communications, written or oral, made in the course of a mediation proceeding, other than an executed settlement agreement, shall be inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise." LRCi 3.2(e)(5). A lawyer who violates Rule 3.2 may be sanctioned.[5] *See* LRCi 11.2.

Defendants contend that the Medina Plaintiffs' brief violated the Mediation Agreement and Local Rule of Civil Procedure 3.2. Specifically, they point to the portion of the brief that indicated that (1) mediation proceedings had occurred on March 1 and 2; (2) Plaintiffs' counsel had offered to make the Medina Plaintiffs available for depositions at that time; (3) Defendants did not depose the Medina Plaintiffs; and (4) Defendants did not appear for additional mediation proceedings on March 3 as planned. Such representations, Defendants contend, breached the confidentiality requirement contained in both the Mediation Agreement and Local Rule of Civil Procedure 3.2.

The Court, however, disagrees. Both the Mediation Agreement and Local Rule of Civil Procedure 3.2 protect statements made *during* mediation. Although the Medina Plaintiffs did in fact reveal that mediation proceedings occurred on certain dates and that Plaintiffs' counsel offered to make the Medina Plaintiffs available for depositions on those same dates, the Court

---

[5] Rule 11.2 provides:
> The Court may sanction for violation of any Rule governing the form of pleadings and other papers filed with the Court only by imposition of a fine against the attorney or a person proceeding pro se. Rules governing the form of pleadings and other papers filed with the Court include, but are not limited to, those Rules requiring a special designation in the caption and, when the Court permits paper filing, those regulating paper size and the number of copies filed.

LRCi 11.2.

cannot say that Plaintiffs' counsel revealed any communications made *during* mediation. As such, the Court cannot say that either the Mediation Agreement or Local Rule of Civil Procedure 3.2 was violated by the representations made in the Medina Plaintiffs' brief.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions is denied. An appropriate order will follow.

_____
ANNE E. THOMPSON, U.S.D.J.

Date: June 12, 2013

6