NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| Juan MENDEZ, et al., | CIVIL ACTION |
| Plaintiffs, | No. 05-174 |
| v. | (Consolidated with No. 05-199) |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al., | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

## I. INTRODUCTION

This matter has come before the Court upon the Appeal from the Magistrate Judge's August 3, 2012 Order ("August 3 Order") filed by Defendant Hovensa, LLC ("Hovensa"). (Case No. 05-174: Docket Entry No. 749 and Case No. 05-199: Docket Entry No. 598). Plaintiffs oppose the appeal. (Case No. 05-174: Docket Entry No. 751 and Case No. 05-199: Docket Entry No. 600). The Court has decided these matters upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Hovensa's Appeal from the Magistrate Judge's August 3 Order is denied.

## II. BACKGROUND

This motion concerns whether Magistrate Judge George Cannon erred in concluding that the interest of justice did not require an interdistrict transfer of venue from St. Croix to St.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Thomas. For the purposes of this motion, the Court assumes the parties' familiarity with the underlying facts in the case and summarizes briefly only those facts relevant to the Court's decision.

In late 2005, two related employment discrimination lawsuits were initiated against Defendants. The first, *Mendez, et al. v. Puerto Rican Int'l Cos. Inc., et al.*, was filed in November 2005. (Case No. 05-174: Docket Entry No. 1). The second, *Smith, et al. v. Puerto Rican Int'l Cos., et al.*, was filed in December 2005. (Case No. 05-199: Docket Entry No. 1). The two cases were consolidated on March 24, 2006. (Case No. 05-199: Docket Entry No. 18).

In March 2006, Defendants moved to stay proceedings pending arbitration. (Case No. 05-174: Docket Entry No. 26).[2] Defendants' motion was granted on August 13, 2007, as to all but fifteen of the Plaintiffs. (Case No. 05-174: Docket Entry No. 110). Defendants appealed the Court's decision as to those fifteen Plaintiffs on October 12, 2007, (Case No. 05-174: Docket Entry Nos. 111, 112, 113), and the Third Circuit affirmed on February 23, 2009, (Case No. 05-174: Docket Entry No. 127). A number of the Plaintiffs' claims against Hovensa were resolved through arbitration. (Case No. 05-174: Docket Entry No. 184).

Following the Third Circuit's decision, Defendants moved to compel arbitration and to stay proceedings pending arbitration as to the other fifteen Plaintiffs. (Case No. 05-174: Docket Entry No. 129). The District Court denied Defendants' motion on July 1, 2010, (Case No. 05-174: Docket Entry Nos. 212, 214), and Defendants appealed, (Case No. 05-174: Docket Entry No. 240). The Third Circuit affirmed on August 12, 2011. (Case No. 05-174: Docket Entry No. 609).

---

[2] As the *Mendez* and *Smith* actions were consolidated, the Court henceforth cites only to the *Mendez* docket in this Opinion.

On August 4, 2010, Defendants moved to dismiss the claims of eight of the Plaintiffs for failure to prosecute. (Case No. 05-174: Docket Entry No. 314). Plaintiffs' counsel responded by opposing the motion to dismiss with respect to three of the Plaintiffs, (Case No. 05-174: Docket Entry No. 383), and moving to withdraw as counsel with respect to the other five Plaintiffs because representation had "been rendered unreasonably difficult or impossible," (Case No. 05-174: Docket Entry No. 392). The Court denied both motions on September 29, 2010. (Case No. 05-174: Docket Entry No. 466).

An amended complaint was filed on January 24, 2011. (Case No. 05-174: Docket Entry No. 558). Defendants then moved on September 27, 2011, to dismiss the claims of four of the Plaintiffs for failure to prosecute. (Case No. 05-174: Docket Entry No. 612). Those Plaintiffs opposed the motion, (Case No. 05-174: Docket Entry No. 656), and two of those Plaintiffs subsequently filed a motion for leave to supplement their opposition on March 22, 2012, (Case No. 05-174: Docket Entry No. 688). The motion to dismiss and the motion for leave to supplement await decision.

Defendants filed motions for summary judgment on September 28, 2011, September 29, 2011, and September 30, 2011. (Case No. 05-174: Docket Entry Nos. 615, 618, 621). Plaintiffs failed to timely respond but filed motions for leave to respond *nunc pro tunc* on December 17, 2011 and December 18, 2011. (Case No. 05-174: Docket Entry Nos. 643, 649, 653). Defendants' motions for summary judgment as well as Plaintiffs' motions for leave to respond are still pending.

On April 26, 2012, Defendants filed a motion for sanctions and a motion to strike certain untimely discovery responses. (Case No. 05-174: Docket Entry Nos. 694, 696). On June 7, 2012, Hovensa filed a motion for transfer of venue. (Case No. 05-174: Docket Entry No. 708).

Magistrate Judge George Cannon denied the motion on August 3, 2012, (Case No. 05-174: Docket Entry No. 742), and Hovensa appealed that decision on August 17, 2012, (Case No. 05-174: Docket Entry No. 749). Finally, on June 10, 2012 and again on October 2, 2013, Defendants moved to disqualify Plaintiffs' counsel, Rohn & Associates. (Case No. 05-174: Docket Entry Nos. 709, 710, 711, 753, 754).

On May 20, 2013, this case was reassigned to this New Jersey judge. (Case No. 05-174: Docket Entry No. 761). On June 12, 2013, the Court denied Defendants' motion for sanctions and motions to disqualify. (Case No. 05-174: Docket Entry Nos. 768, 769, 770, 771). The Court now considers the merits of Hovensa's Appeal from the Magistrate Judge's August 3 Order.

### III. LEGAL STANDARD

In reviewing a magistrate judge decision on a non-dispositive matter, the moving party bears the burden of demonstrating that the decision is "clearly erroneous or contrary to law." *See* FED. R. CIV. P. 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Haines v. Liggett*, 975 F.2d 81, 92 (3d Cir. 1992) (citing *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *State Nat'l. Ins. Co. v. Cnty. of Camden*, 2012 WL 960431, *1 (D.N.J. March 21, 2012) (citing *Gunter*, 32 F. Supp. 2d at 164). A magistrate judge's legal conclusions will be reviewed *de novo*. *Haines*, 975 F.2d at 92.

### IV. ANALYSIS

Under Section 1404(b), decisions regarding interdistrict transfer of venue are "in the discretion of the court." 28 U.S.C. § 1404(b). The court's discretion is guided by an analysis of

factors that include the convenience of the parties and witnesses, as well as the interest of justice. *See, e.g., Echevarria v. Piccolo*, No. 10-642, 2012 WL 523676, at *6 (D.N.J. Feb. 16, 2012).

Hovensa contends that Magistrate Judge George Cannon erred in concluding that the interest of justice did not warrant the transfer of venue from St. Croix to St. Thomas. (Case No. 05-174: Docket Entry No. 708). Specifically, Hovensa contests a number of findings made in the August 3 Order, including that: (1) nothing in a report on comparative bias prepared by Empire Creative, LLC ("the Report") indicates that "the 'ingrained bias' of the St. Croix residents made a fair trial impossible when [Hovensa] or its predecessor was involved;" (2) the community has recovered from the initial shock of Hovensa closing a refinery and negative attitudes in the early wave of media coverage have largely subsided; and (3) Hovensa has not sought transfer in previous cases. (*Id.* at 2).

Upon reviewing the parties' submissions, the August 3 Order, and the Report, the Court does not agree with Hovensa that the August 3 Order is clearly erroneous or contrary to law. First, in advancing its arguments, Hovensa relies on several media articles that were published after the August 3 Order was issued. It is, however, "inappropriate to consider new evidence that was not before the Magistrate Judge in making a determination on whether the Magistrate Judge's ruling was clearly erroneous or contrary to law." *Kendricks v. Hertz Corp.*, No. 05-0164, 2006 WL 3404566, at *1 (D.V.I. Oct. 30, 2006) (citing *Haines*, 975 F.2d at 91). As such, the Court does not consider the media articles submitted by Hovensa in deciding this appeal.[3]

Turning to the merits of Hovensa's argument, the Court cannot say that the Magistrate Judge's findings (1) are "completely devoid of minimum evidentiary support displaying some

---

[3] Although the Court is not considering these media articles, it appears that another court similarly concluded that interdistrict transfer was not warranted when deciding a similar motion to transfer made by Hovensa in which the articles were considered by the court. *See Desir v. Hovensa, L.L.C.*, No. 07-97, 2012 WL 3191959, at *1-2 (D.V.I. Aug. 7, 2012).

5

hue of credibility;" or (2) "bear[] no rational relationship to the supportive evidentiary data." *See Haines*, 975 F.2d at 92 (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)). For example, a review of the Report reveals that residents of St. Croix and St. John reported having a "more negative" impression of Hovensa following the closing of the refinery at nearly identical rates. (Case No. 05-174: Docket Entry No. 749, Attach. 4 at 14). In fact, the Report states that "[t]he only statistically significant effect of note from [data relating to respondents' views on Hovensa] was St. Croix respondents report that they discuss the HOVENSA refinery closing 'often' more than St. Thomas respondents." (*Id.*). Furthermore, while Hovensa argues that it has in fact sought a new venue in previous cases, Hovensa points to no case in which such a request was granted. As such, Hovensa has simply not shown that the Magistrate Judge's decision is clearly erroneous or contrary to law.[4] Therefore, as it appears that potential jurors in this action can be screened effectively for bias through the proper use of *voir dire* during the jury selection process, Hovensa's Appeal from the Magistrate Judge's August 3 Order is denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Appeal from the Magistrate Judge's August 3 Order is denied. An appropriate order will follow.

/s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: July 26, 2013

---

[4] The Court's conclusion is further supported by another court's ruling in a similar case. Judge Ambrose wrote: "Neither the [Report] showing the 'ingrained bias' of St. Croix residents nor the newspaper articles . . . persuade me that the closing of the Hovensa refinery has had such an impact on St. Croix residents that a fair trial involving Defendant is impossible." *See Desir*, 2012 WL 3191959, at *1.