NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

Juan MENDEZ, et al.,

    Plaintiffs,

v.

PUERTO RICAN INTERNATIONAL
COMPANIES, INC., et al.,

    Defendants.

Civ. No. 05-174

(Consolidated with
No. 05-199)

MEMORANDUM OPINION

THOMPSON, U.S.D.J.[1]

    The above-captioned consolidated matter is before the Court on three motions by Plaintiffs[2] for leave to file untimely responses to various dispositive motions *nunc pro tunc*. (Mendez, 05-174, Doc. Nos. 643, 649, 653).[3] Defendants[4] have opposed the motions. (Doc.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

[2] Originally, this action involved 48 Plaintiffs. Eight Plaintiffs were ordered to engage in arbitration, and settled their claims: Thomas Duparl, Pius Aurelien, Ira Claxton, Bertril Williams, Mark Vitalis, Joseph Oscar, Gregory LaForce and Nathaniel Hobson. In March 2012, the remaining Plaintiffs engaged in mediation, resulting in an additional 22 Plaintiffs settling their claims: Sabino Castillo, Alfredo Diaz, Orson Flemming, Maximo Guerrero, Marcel Hippolyte, Miguel Liriano, Joseph Nicholas, Humberto Ortiz, Marco Rijo, Ernesto Rodriguez, Catherine Sabin, Cyril Thomas, Angel Lopez, Angel Martinez, Jorge Rodriguez, Marcelo Landers, Elrod Baptiste, Sostenes Montilla, Carlos Garcia, Keith Simon, George Acosta, and Rudolph Kock. Finally, Plaintiffs have informed the Court that the parties have additionally agreed to settle the claims of Sandro Rivera, Sencion Guerrero, and Felipe Figueroa. (Doc. No. 785). As a result, 15 Plaintiffs remain in this action: Josh Gondelec, Alfred James, Luis Medina, Bienvenido Carrasco, Raquel Concepcion, Mercedes Cruz, Jose Gonzales, Heriberto Laboy, Robert Jones-Charleman, Lucho Hernandez, Waldemar Olmeda, Orlando Pagan, Michael Bynoe, Shawn Smith, and Juan Mendez.

[3] Although the three motions at issue in this Opinion apply both to *Mendez* and to *Shawn Smith, et al. v. Puerto Rican International Companies, et al.*, Civ. No. 05-cv-199, the motions were only filed to the *Mendez* docket. As such, all document citations in this Opinion will refer to the *Mendez* docket unless otherwise stated.

1

Nos. 657, 658). The Court has issued the judgment below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Plaintiffs' motions.

## DISCUSSION

For the purposes of this Opinion, the Court presumes the parties' familiarity with the underlying facts of this litigation, and will forego a more exhaustive factual and procedural history. To summarize: Plaintiffs have requested leave to file, *nunc pro tunc*: (1) Plaintiffs' response to Defendants' Motion for Summary Judgment on the Merits and the accompanying responsive statement of undisputed material facts, (Doc. Nos. 618, 620); (2) Plaintiffs' response to Hovensa, LLC's Second Motion for Summary Judgment and the accompanying responsive statement of undisputed material facts, (Doc. Nos. 621, 623); and (3) Plaintiffs' response to Defendants' Motion to Dismiss Plaintiffs Acosta, Gondelec, James, and Medina for Lack of Prosecution pursuant to Federal Rule of Civil Procedure 41(b), (Doc. No. 612).

All of the aforementioned papers were due Friday, December 16, 2011, (Doc. No. 634), after two previous requests by Plaintiffs to extend the return date, (Doc. Nos. 626, 631). While Plaintiffs' counsel managed to submit certain papers to the docket on time, the untimely papers in issue were filed, along with the *nunc pro tunc* motions, on the Saturday, Sunday, and Monday immediately following the Friday deadline. (Doc. Nos. 636-56). While objecting to the untimely nature of the submissions, Defendants prudently filed their responses to Plaintiffs' submissions on time. (Doc. Nos. 660-66).

In support of his motions for leave to file responses *nunc pro tunc*, Plaintiffs' counsel argues that he was overwhelmed by the task of filing four massive sets of opposition papers and

---

[4] In this instance, "Defendants" refers to Fluor Corporation, Fluor Enterprises, Inc., Plant Performance Services, LLC, Plant Performance Services International, Ltd., (collectively, "the Fluor Defendants"), and Hovensa, LLC.

accompanying exhibits. In a case of this size, contends counsel, there was simply insufficient staffing to handle the task. Even so, Plaintiffs' counsel urges, the submissions are all within a single business day of the deadline, significantly reducing any chance that Defendants might be prejudiced by the delay.

Defendants, in response, criticize the bare-bones nature of counsel's request, and emphasize the various instances in this litigation where Plaintiffs have requested deadline extensions and scheduling modifications, including with regards to the untimely papers at issue here. Defendants support their arguments with a list of cases in which, for one reason or another, courts have denied motions to file untimely responses *nunc pro tunc*, and urge that, in light of the extensive, sprawling history of this litigation, Plaintiffs' tardiness should not be tolerated.

In reaching a decision on whether or not to strike Plaintiffs' untimely filings from the docket, the Court notes that typically, a party wishing to succeed on either a motion to modify the scheduling order or to submit a filing out of time must demonstrate either (1) excusable neglect for failure to file the necessary opposition until time has expired, pursuant to Federal Rule of Civil Procedure 6(b)(1); or (2) good cause for modification of the scheduling order, as would be appropriate under Federal Rule of Civil Procedure 16(b).

Given that the motions at issue are dispositive, the Court in this instance is mindful of the Third Circuit's preference for resolving disputes on the merits, *see Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003), and will carefully consider whether any prejudice to Defendants actually outweighs this preference, *see, e.g., Grabenstein v. A.O. Smith Corp.*, 2012 WL 2849386, at *1, n. 1 (E.D. Pa. Apr. 02, 2012) (summarizing cases in which courts have balanced tardiness with prejudice and have denied granting default judgment where no prejudice could be identified). Moreover, the Court notes that it is not uncommon in the Virgin Islands to

consider untimely responses to summary judgment, *see, e.g.*, *McDonald v. Davis*, Civ. No. 2004-93, 2009 WL 580456, at *1, n. 4 (D.V.I. Mar. 5, 2009), and assumes, based upon the protracted nature of the docket and the history of scheduling modifications, that Plaintiffs' counsel did not truly expect the responses to be stricken, *cf. Benjamin v. Thomas Howell Grp.*, Civ. A. 1996-071, 2002 WL 31573004 (D.V.I. Apr. 22, 2002), *aff'd sub nom. Benjamin v. Gen. Accident Ins. Co. of Puerto Rico*, 90 F. App'x 434 (3d Cir. 2004) (refusing to consider plaintiffs' untimely opposition to summary judgment where the Court had expressly advised plaintiffs' counsel it would not consider untimely submissions).

In light of the above considerations, the Court is persuaded to grant Plaintiffs' motions and permit the untimely filings, even as it sympathizes with Defendants' undoubted frustration. The reasons for favoring Plaintiffs on this matter are several: compared to the many *nunc pro tunc* denial cases cited by Defendants, the infraction of Plaintiffs' counsel is relatively minor (a mere day, as compared to months or years).[5] It is also evident from the docket that Plaintiffs'

---

[5] *See, e.g.*, *Gautier-James v. Hovensa, L.L.C.*, 2011 U. S. Dist. LEXIS 109756 (D.V.I. Sept. 27, 2011) (denying plaintiff's motion to file *nunc pro tunc* more than five months out of time); *Perez v. Hyannis Air Serv., Inc.*, 2010 U.S. Dist. LEXIS 128774 (D.V.I. Dec. 2, 2010) (striking motion for leave to file *nunc pro tunc* supplemental exhibit one day out of time because decision had already been reached with respect to larger issue); *Washington v. Hovensa, L.L.C.*, 2009 U.S. Dist. LEXIS 54955 (D.V.I. June 29, 2009) (denying Counsel's Motion For Extension of Expert Deadlines Nunc Pro Tunc and Amended Motion For Extension of Expert Deadlines Nunc Pro Tunc when filed 11 days past the scheduling order deadlines and where Court found Counsel/Plaintiff had had more than a year to get the documents for which the request for an extension had been made), *aff'd by*, 652 F.3d 340, 348 (3rd Cir. 2011) (affirming district court following conclusion that appeal was waived due to untimely filing; discerning no abuse of discretion in Magistrate Judge's denial of Washington's request to file *nunc pro tunc* based on a the failure to establish good cause for modifying the scheduling order); *Foy v. Ambient Techs., Inc.*, 2008 U.S. Dist. LEXIS 48908 (June 13, 2008) (order denying motion for extension of time to serve the defendants filed *nunc pro tunc* more than four months after the 120-day deadline for summoning defendants had passed); *Evans v. Allen-Williams Corp.*, 1997 U.S. Dist. LEXIS 3256, 36 V.I. 208 (D.V.I. 1997) (denying motion for leave to amend the third party complaint *nunc pro tunc* where more than two years had passed since discovery of the third party's involvement and ten years had passed since the facts leading to the lawsuit); *In re Virgin Islands Bar Ass'n*, 1994 U.S. Dist. LEXIS 8443 (D.V.I. June 13, 1994) (denying motion to have the

counsel made continual filings from Friday, December 16 to Monday, December 19 – a trail of submissions from which the Court may reasonably infer that the tardiness was not the result of dilatory action, but was part of a good faith attempt to file the responses within or near time. This, in turn, casts counsel's failure to adequately staff the motions as more acceptably within the realm of excusable neglect. Any actual prejudice resulting from this neglect was then reduced when Defendants were subsequently able to file their response papers in a timely fashion thereafter.

But the most persuasive consideration for the Court is the knowledge that, should their counsel's submissions be stricken, the punishment for Plaintiffs would be severe. While the practice of repeatedly missing court-appointed deadlines is detrimental to the administration of justice, the Court hesitates to apply the extreme sanction of striking Plaintiffs' responses to four significant dispositive motions in the context of such a small delay. This is especially so where the undersigned judge has only recently come to this case and, as a consequence, has been unable to influence the practices and expectations of the parties with respect to scheduling modifications. The Court acknowledges that, given the burdensome and extensive nature of this litigation, as well as the significant costs to Defendants in defending this action, a more egregious infraction on the part of Plaintiffs may well have resulted in more serious consequences; however, these minimally late filings are *not* that infraction.

---

Court enter its previous order denying reconsideration *nunc pro tunc* on the claim that attorney had not received notice of the order from clerk, on the basis that attorney had duty to inquire as to status of the case); *Ascenzi v. O'Brien*, 347 Fed. App'x 720 (3rd. Cir. 2009) (affirming denial of motion to enlarge time in which to appeal *nunc pro tunc*, where motion was filed without sufficient justification more than two months after the 30-day window in which to file an appeal, and more than a month after closure of the time period in which party may could have moved for an extension of time in which to file).

In light of the above, then, the Court will grant Plaintiffs' three *nunc pro tunc* motions for permission to file responses out of time, (Doc. Nos. 643, 649, 653), with a reminder to Plaintiffs' counsel that such motion requests for untimely filings should not be depended upon in the future as a means of schedule alteration. Appropriate Orders accompany this Opinion.

_____
ANNE E. THOMPSON, U.S.D.J

Dated: 9/18/13