NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

Juan MENDEZ, et al.,

    Plaintiffs,

v.

PUERTO RICAN INTERNATIONAL
COMPANIES, INC., et al.,

    Defendants.

Civ. No. 05-174

(Consolidated with
No. 05-199)

MEMORANDUM OPINION

THOMPSON, U.S.D.J.[1]

    Pending before this Court are three motions arising in the consolidated employment discrimination action of *Juan Mendez, et al., v. Puerto Rican Int'l Cos., Inc., et al.*, Civ. No. 05-174, filed November 14, 2005; and *Shawn Smith, et al. v. Puerto Rican Int'l Cos., et al.*, Civ. No. 05-199, filed December 27, 2005.[2] First, Defendants Fluor Corporation ("Fluor"), Fluor Enterprises, Inc. ("FEI"), Plant Performance Services, LLC ("P2S"), Plant Performance Services International, Ltd ("PPSI"), and Hovensa, LLC ("HOVENSA"), (collectively, "Defendants"), have filed a motion to dismiss the claims of Georgie Acosta ("Acosta"), Josh Gondelec ("Gondelec"), Alfred James ("James"), and Luis A. Medina ("Medina") (collectively, "Plaintiffs") for lack of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. Nos. 612, 613). Within that motion, Defendants have requested an award of reasonable expenses,

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] As the *Mendez* and *Smith* matters were consolidated on March 24, 2006, citations to court submissions, unless otherwise specified, will reflect the document numbers as assigned in the *Mendez* action, the designated lead case.

1

including attorney's fees, as sanction against Plaintiffs for their failure to appear at their properly-noticed depositions. (Doc. Nos. 612, 613).

In response, Plaintiffs have partially opposed the motion, (Doc. No. 656), and have moved to supplement their opposition with respect to two of the plaintiffs: James and Medina. (Doc. No. 688). Within the motion to supplement their responses, James and Medina have proffered written discovery to be added to the record. (Doc. No. 688).

Defendants have, in turn, opposed Plaintiffs' motion to supplement the responses of James and Medina, and have moved to (1) strike the supplemental written discovery, and (2) sanction Plaintiffs for their disclosure of certain information regarding mediation proceedings within the above motion. (Doc. No. 696).

The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Defendants' motion to dismiss for lack of prosecution; deny Plaintiffs' motion to supplement the responses of James and Medina; and dismiss as moot Defendants' motion to strike and to impose sanctions.

BACKGROUND

The plaintiffs in this action are former employees of Puerto Rican International Companies, Inc. ("PIC"), a subcontractor working at the Hovensa Refinery during 2004. Based upon the events occurring in and around the time of their employment, Plaintiffs have brought suit based upon race, color, and national origin discrimination. In seven counts, Plaintiffs allege: (1) violations of Title VII of the Civil Rights Act of 1967 ("Title VII"), 42 U.S.C. §§ 1000e, *et seq.*; (2) violations of the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. §§ 1-10, §§ 64, *et seq.*, 24 V.I.C. § 451; (3) breach of the implied covenant of good faith and fair dealing; (4)

violations of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76-79; (5) intentional and/or negligent infliction of emotional distress; (6) tortious interference with an employment relationship; and (7) punitive damages. (Doc. No. 558, Second Amended Complaint).

In considering a motion to dismiss based upon a lack of prosecution, the Court relies partially upon the procedural history to provide context for Plaintiffs' purportedly delinquent behavior, and to evaluate the costs to and complicity of Defendants during the relevant period. This particular litigation has extended more than seven years. Reviewing the causes for such delay, the Court notes that full-fledged litigation appears to have stalled early following a March 6, 2006 motion to stay proceedings pending arbitration. (*Mendez*, Doc. No. 26; *Smith*, Doc. No. 19). Over a year later, on March 13, 2011, the motion was only partially granted with respect to certain plaintiffs, (Doc. No. 110), and the appeal was further delayed following the failure of Defendants Fluor and P2S to receive notice of the Court's Order, (Doc. Nos. 111, 112, 113, 119). Relatively little else occurred in the litigation during this time, despite the fact that there was never a formal stay on discovery. (*See generally Mendez* Docket).

In February 2009, the Third Circuit affirmed the District Court's order partially granting and partially denying the stay. (Doc. No. 127). That same month, and more than three years after the initiation of the lawsuit, the District Court issued a scheduling order. (Doc. No. 122). In that order, the Court set March 20, 2009 as the deadline for self-executing disclosures pursuant to Federal Rule of Civil Procedure 26(a), and November 30, 2009 as the deadline for all factual discovery. (Doc. No. 122, ¶¶ 1-2).

On March 19, 2009, Defendants filed a second motion to stay proceedings in order to permit arbitration for an additional 15 Plaintiffs. (Doc. No. 129). James was included in the relevant group of Plaintiffs, (Doc. No. 129), and, as a result, did not receive the October 2009

3

written discovery requests that were served upon Gondelec and Medina. (Doc. No. 155). Neither Gondelec nor Medina responded to the October 2009 requests. (Gondelec - Doc. No. 613, Ex. C). Defendants assert that on November 5, 2009, after having received no requests from Plaintiffs for written discovery or for dates to conduct depositions, counsel for Fluor and P2S contacted Plaintiffs' counsel and requested dates on which the parties could conduct the depositions prior to the November 30, 2009 discovery deadline. (Doc. No. 613, ¶ 3). Defendants assert that Plaintiffs' counsel both rejected any available times that month and failed to respond to written discovery. (Doc. No. 613, ¶ 3).

In July 2010, the District Court denied the 2009 motion to stay the litigation pending arbitration with respect to certain Plaintiffs, (Doc. Nos. 212, 214), which denial was appealed, (Doc. No. 240). On July 12, after a motion and an appeal, an amended scheduling order was issued. (Doc. No. 239). The amended scheduling order set a deposition schedule at a rate of five days of depositions per month (August 2-6, 2010; September 6-10, 2010), with all factual discovery to be concluded by September 27, 2010, (Doc. No. 239). Moreover, Plaintiffs were directed to serve their responses to the October 2009 interrogatories and requests for production by July 23, 2010. (Doc. No. 239). Gondelec and Medina each failed again to do so. On July 28, 2010, Hovensa timely served Plaintiffs with requests for written discovery that went unanswered. (Doc. Nos. 301).

On August 4, 2010, Defendants moved to dismiss eight Plaintiffs, including Gondelec and Medina, under Rule 41(b). (Doc. Nos. 315, 342 and 393). James was not included in the motion, as he was involved in the July 22, 2010 Third Circuit appeal of the 2009 order on the motion to stay. Plaintiffs' counsel opposed the motion to dismiss with respect to three Plaintiffs, and moved to withdraw as counsel for the remaining five – a group which included Gondelec

4

and Medina. (Doc. Nos. 383, 392). On September 29, 2010, the Court denied Plaintiffs' Motion to withdraw and Defendants' Motion to Dismiss. (Doc. No. 466). In the denial of the motion to dismiss for lack of prosecution, the Court found, without elaboration, that Defendants had inadequately shown satisfaction of the six *Poulis* factors. (Doc. No. 466).

Between August and November 2010, James, Gondelec, and Medina were properly noticed for depositions two different times, and, each time, failed to appear. (Doc. No. 613, ¶¶ 8-23). With respect to James' second deposition, Defendants contend that, although James was ultimately deposed in the Virgin Islands, some efforts were put forward to schedule his deposition on the mainland United States.

On January 24, 2011, Plaintiffs filed the Second Amended Complaint. (Doc No. 558). On April 29, 2011, discovery in this matter finally closed. (Doc. Nos. 558, 565). In August 2011, the Third Circuit affirmed the District Court's previous denial of the second motion to stay the litigation pending arbitration. (Doc. No. 609).

On September 27, 2011, roughly four months after close of discovery, Defendants filed the present motion to dismiss the claims of Acosta, Gondelec, James, and Medina based upon a lack of prosecution. (Doc. No. 612). In the following days, Defendants filed three mammoth motions for summary judgment, including one motion for summary judgment on the merits, and two motions based upon a lack of joint-employer status. (Doc. Nos. 615, 618, 621). The timeline for response to the above motions was extended until Friday, December 16, 2011. (Doc. No. 634). However, Plaintiffs did not file an opposition to the Motion to Dismiss for failure to prosecute until December 19, 2011, one business day out of time and without leave of Court. (Doc. No. 656). Plaintiffs concurrently filed a motion for permission to file the untimely opposition *nunc pro tunc*, which has since been granted in a separate Order and Opinion. (Doc.

Nos. 834, 836). On January 19, 2012, Defendants timely filed a reply in support of their motion to dismiss. (Doc. No. 660).

On March 1 and 2, 2012, the parties engaged in mediation proceedings. (Doc. No. 676). Plaintiffs contend that James and Medina were present at the March 1-2, 2012 Mediation, and offered to sit for depositions at that time. (Doc. No. 688). Defendants allegedly did not respond to their request. (Doc. No. 688).

On March 22, 2012, more than three years after the case roused from its early lethargy in early 2009; nearly a year after the close of discovery; roughly six months after Defendants filed their motions to dismiss based upon a lack of prosecution and under Rule 56; and three weeks after termination of the mediation proceedings, Plaintiffs moved to supplement James' and Medina's opposition to the motion and to supplement the summary judgment record with James' and Medina's answers to Defendants' written interrogatories. (Doc. No. 688).

On April 11, 2012, Defendants requested and received an extension of time in which to respond to Plaintiffs' motion. (Doc. No. 689). On April 26, 2012, Defendants moved to strike the proffered interrogatory responses, and moved for sanctions on the basis that Plaintiffs' counsel had inappropriately revealed confidential mediation communications in their motion. (Doc. No. 696). Since that time, the Court has dismissed Acosta from this litigation upon stipulation of the parties. (Doc. Nos. 781, 785, 810). Thus, it is with respect to Gondelec, James, and Medina alone that the Court now decides.

## DISCUSSION

The Discussion below will proceed in two parts. First, the Court will jointly address the merits of the motion to dismiss for lack of prosecution and the motion to supplement the

responses of James and Medina. The Court will then address the motion to strike James' and Medina's responses and impose sanctions.

### A. Motion to Dismiss for Failure to Prosecute and Motion to Supplement Responses.

Federal Rule of Civil Procedure 41(b) provides that:

> If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Once a defendant has moved to dismiss under Rule 41(b), the Court, in its discretion, determines whether or not such sanction is warranted. *See Andrews v. Gov't of V.I.*, 132 F.R.D. 405, 411 (D.V.I. 1990). Ordinarily, the Court will review and balance the six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g., Tallard Technologies, Inc. v. Iprovide Group, Inc.*, Civ. No. 2004-101, 2013 WL 2319418, at *2 (D.V.I. May 22, 2013); *Andrews*, 132 F.R.D. at 411. Under *Poulis*, the Court considers the following factors:

> (1) The extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868. A court has the liberty, however, of dismissing a case without balancing the above factors if a litigant's conduct has made adjudication impossible. *Tallard*, 2013 WL 2319418 at *2 (quoting *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010)). Significantly, plaintiff need not have taken "any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court." *Adams v. Trustees of*

*New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (quoting *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D. Pa. 1962), *aff'd* 314 F.2d 944 (3d Cir. 1963) (per curiam), *cert. denied*, 375 U.S. 817 (1963)). "It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Id.* (internal quotations omitted). However, the Court must be ever mindful that "dismissal with prejudice is only appropriate in limited circumstances," *Adams*, 29 F.3d at 870, and is a harsh sanction; public policy favors hearing a litigant's claims on the merits, *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974).

As an initial matter, the Court considers it appropriate, without any in-depth analysis, to dismiss the claims of Plaintiff Gondelec under Rule 41(b). In Plaintiffs' initial opposition to Defendants' dismissal motion, Plaintiffs' counsel conceded that he had had no contact with Gondelec in several years. To date, there have been no further submissions to the docket with respect to Gondelec, other than general motions submitted on behalf of all Plaintiffs. As it appears that, at this late date and posture of the litigation, Gondelec has failed to (1) file his Rule 26 initial disclosures; (2) answer written discovery propounded on October 27, 2009; and (3) appear at two depositions for which he was properly noticed, the Court believes the *Poulis* factors easily apply. The Court therefore grants Defendants' motion to dismiss with respect to Gondelec.

With respect to Plaintiffs James and Medina, the question of whether it is appropriate to dismiss their claims based upon a lack of prosecution is more complicated, especially in light of their belated motion to supplement both their opposition to Defendants' dismissal motion and their contributions to the summary judgment record. The Court will thus review each of the *Poulis* factors below to determine whether or not James' and Medina's belated activity in this case justifies further delaying, and possibly upending, the litigation.

*The extent of the party's personal responsibility.* Turning to the first of the *Poulis* factors, the Court agrees with Defendants that the responsibility of the parties' dilatory action appears to lie primarily with Plaintiffs. Medina failed to provide both written interrogatory responses and to appear at two properly noticed depositions. James, while not subject to the written interrogatories given his involvement in the motions to stay proceedings, nevertheless also failed to appear at two, properly noticed depositions. Any protestations as to the shortness of the notice (thirteen days and five days for the first and second depositions, respectively), are mitigated both by the Court's July Order giving notice of the deposition timeline, (Doc. No. 239), and by the ability of counsel to negotiate deposition arrangements.

While Plaintiffs redirect blame to Defendants for failure to make arrangements to depose Medina and James, who, at the time, were living and working off-island, the Court finds these contentions unconvincing where action could have been taken prior to the close of discovery to ensure the inclusion of James' and Medina's in the record. Despite any assertions to the contrary, a plaintiff is responsible for the prosecution of his or her own case. While the case was admittedly stalled for the first three years of its life, likely making it more difficult to track down Plaintiffs and maintain interest in the litigation, it was active for a further three years following, and James and Medina should have had opportunity and notice to participate. Thus, the Court finds that the first *Poulis* factor weighs in favor of dismissal.

*Prejudice.* In terms of the second *Poulis* factor, prejudice, Plaintiffs argue that Defendants are not prejudiced where they have been on notice of James' and Medina's claims – which are substantially similar to those of their co-plaintiffs – since 2005. However, the Court is unconvinced by Plaintiffs' broad interpretation of prejudice as it applies to this case. Excessive delay may create a presumption of prejudice. *Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64,

67 (S.D.N.Y. 1989) ("In the present instance, the two year delay, which has no end in sight, is evidence of prejudice to the . . . defendants."). Here, Medina's written interrogatories were originally due in 2009, and the last depositions for which James and Medina were summoned were taken in late 2010. James and Medina did not offer to provide the missing deposition testimony until March 2012. The Court finds that this, in fact, constitutes excessive delay and creates a presumption of prejudice.

Moreover, proof of prejudice does not require a demonstration of "irremediable harm;" Defendants need merely demonstrate the "extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs." *Andrews*, 132 F.R.D. at 412. Here, Defendants have appeared for duplicative depositions unattended by Plaintiffs, and, at the time the dismissal motion was filed, were still owed written discovery. The nine-month period that followed the close of depositions and preceded the motions for summary judgment and dismissal is unpunctuated by any attempts to reopen discovery or to supplement the record. Certainly, the Court finds that there are undeniable costs associated with James' and Medina's absence.

Finally, despite the fact that James' and Medina's claims are arguably similar to those of the other Plaintiffs, the Court finds that requiring Defendants to tailor three substantial motions for summary judgment to either include the uncontested interrogatory responses of James or Medina or to hold depositions and be forced to confront potentially new and/or expanded information is a not insignificant burden in light of the passage of time and the undoubtedly increasing difficulty of locating documents, witnesses, and evidence. Surely in this case, prejudice may be inferred. Thus, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

*A history of dilatoriness.* In terms of the third *Poulis* factor, a history of dilatoriness, the *Poulis* Court noted that, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable." *Poulis*, 747 F.2d at 868. Although Plaintiffs attempt to defer blame for the missed depositions onto Defendants, the Court finds that the record demonstrates that James and Medina have been historically dilatory in their responses to discovery requests. Thus, this factor also weighs in favor of dismissal.

*Whether the dilatory conduct of a party or attorney was willful or in bad faith.* The Court finds the fourth *Poulis* factor to be, at the very least, neutral with respect to all parties, and at most, to favor Plaintiffs. While the Court concludes that James and Medina were dilatory with respect to their own lawsuit, there is insufficient evidence so as to conclude that such conduct was willful or in bad faith.

*The effectiveness of sanctions other than dismissal.* Under the fifth *Poulis* factor, "[i]f the deterrence purpose of the sanction of dismissal is to have an effect on others as well as [the plaintiff] in this case, courts must be willing to expressly invoke it." *Andrews*, 414. On the other hand, "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. "[D]istrict courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." *Adams* (quoting *Titus v. Mercedes Benz*, 695 F.2d 746, 748-49 (3d Cir. 1982)). A district court should consider alternative sanctions before dismissing a case with prejudice. *Adams*, 29 F.3d at 876. This last imperative appears especially relevant here where James and Medina have resurfaced with the apparent intention to continue litigating the case.

11

However, in reviewing past conduct, the Court notes that James and Medina had various opportunities to resume litigating their case or to file motions with this Court and did not do so. The Court is, therefore, reluctant to impose lesser sanctions and further delay the litigation in the hope James and Medina will be more attentive to their own suit – a hope not borne out by history. The Court is further disinclined to impose lesser sanctions where, at least with respect to Medina, and likely James as well, there was notice that, absent affirmative action, Defendants would pursue dismissal against inactive Plaintiffs. Defendants made such motion in 2010 with respect to Medina and seven other Plaintiffs; while the Court denied the motion, Plaintiffs were certainly on notice of Rule 41(b)'s possible exercise and the need to promptly litigate their claims.

Thus, where the threat of dismissal – the most extreme sanction – has already proved ineffective in ensuring compliance, the Court does not believe that other, lesser sanctions would provide sufficient deterrence. Thus, the fifth *Poulis* factor weighs in favor of dismissal.

**The meritoriousness of the claim or defense.** "The Court assumes, in evaluating the sixth *Poulis* factor, that Plaintiff's claim has merit." *Opta Systems, LLC v. Daewoo Electronics America*, 438 F. Supp. 2d 400, 406 (D.N.J. 2007). Thus, this factor is either neutral or weighs in favor of James and Medina.

**Conclusion: Poulis Factors.** While there is no set formula for balancing the *Poulis* factors, the Court concludes that, despite the open question as to the merits of this case, the balance tilts in favor of Defendants where four of the other *Poulis* factors weigh in favor of dismissal and the remaining factor is neutral. While the sanction of dismissal is harsh, the Court finds that neither the courts nor defendants should be forever at the mercy of inconsistent plaintiffs; simply put, the time for dalliance and delay in this particular litigation is at an end.

In light of the above considerations, the Court will grant Defendants' motion to the extent it calls for dismissal of Plaintiffs James, Medina, and Gondelec under Rule 41, and will deny the motion to the extent it requests costs and fees for the missed depositions. The Court finds the extreme sanction of dismissal to be sufficient castigation. As such, the motion of James and Medina to supplement their responses is denied.

B. Motion to Strike and Impose Sanctions

Given that the Court has denied James' and Medina's motion to supplement their responses, the Court dismisses Defendants' motion to strike as moot, as James' and Medina's discovery responses will not be part of the record. To the extent the motion also contains a request to impose sanctions for James' and Medina's revelation of certain information concerning the March 2012 mediation proceedings, the Court notes that this request is duplicative of another motion filed by Defendants that has since been denied by the Court; the request for sanctions is, therefore, also moot. (*See* Doc. Nos. 770, 771).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) with respect to Gondelec, James, and Medina, (Doc. No. 612); denies Plaintiffs' motion to supplement the responses of James and Medina, (Doc. No. 688); and denies Defendants' motion for sanctions and motion to strike as moot, (Doc. No. 696). An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: September 27, 2013