NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| Juan MENDEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al.,<br><br>Defendants. | Civ. No. 05-174<br><br>(Consolidated with No. 05-199)<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court on objection and appeal of the Magistrate Judge's Order denying Plaintiffs' motion for entry of default against Defendant Puerto Rican International Companies, (hereinafter, "Defendant"). (Doc. No. 876). For the reasons set forth below, the Court will reverse the decision of the Magistrate Judge and grant the motion for entry of default.

### BACKGROUND

On January 20, 2011, Plaintiffs were granted leave to file a Second Amended Complaint against Defendant and others. (Doc. No. 557). Plaintiffs filed the Second Amended Complaint on ECF on January 20, 2011. (Doc. No. 559). To date, Defendant has not answered the Second Amended Complaint. (*See* Doc. Nos. 872, 876).

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

On March 4, 2014, Plaintiffs moved for entry of default against Defendant. (Doc. No. 872). In that motion, Plaintiffs did not specifically state that Defendant had been previously served with the original Complaint or that Defendant was a "Filing User" who received service through ECF. (*See* Doc. No. 872; Local Rule of Civil Procedure. 5.4(i)(1)). In ruling on this motion, the Magistrate Judge found that "the record is devoid of any notice of service of process of the Second Amended Complaint upon Defendant Puerto Rican International Companies, Inc., and Plaintiffs fail to provide any evidence of service of the Second Amended Complaint upon said Defendant in support of their motion." (Doc. No. 875 at 2).

## DISCUSSION

### A. Standard of Review for Magistrate Judge's Decision

Under Federal Rule of Civil Procedure 72, a district judge must consider objections to the order of a magistrate judge in non-dispositive matters and modify or set aside any order that is clearly erroneous or contrary to law. Under the Local Rule of Civil Procedure 72.2, a party "who objects to a Magistrate Judge's Order concerning a non-dispositive matter shall file a notice of objection which shall specifically designate the order or part thereof objected to and the basis for that objection." D.V.I. Loc. R. Civ. P. 72.2.

### B. Analysis

The District Court will reverse the Magistrate Judge's decision because service was proper and Defendant has not properly answered or defended the action.

i. <u>Service</u>

Default may be validly entered only after a complaint and summons have been properly served. *See, e.g., Anderson v. Mercer County Sheriff's Dept.*, Civil Action No. 11-cv-7620 (JAP), 2013 WL 5703615 at *3 (D.N.J. Oct. 17, 2013) ("The entry of default 'when there has

2

been no proper service of the complaint is *a fortiori* void, and should be set aside.'") (quotations omitted). Under the Virgin Islands Local Rules, the "'Notice of Electronic Filing' that is automatically generated by the Court's Electronic Filing System . . . constitutes service of the filed document on Filing Users." D.V.I. Loc. R. Civ. P. 5.4(i)(1); Fed. R. Civ. P. 5 ("If a party is represented by an attorney, service . . . must be made on the attorney unless the court orders service on the party.").

Here, Defendant was served with the original Complaint on January 18, 2006 and filed its Answer on May 24, 2006. (Doc. No. 35). Plaintiffs represent to this Court that the Second Amended Complaint was also filed in the ECF system and received through the ECF system by Defendant's attorney, Maxwell McIntosh. (Doc. No. 876). Thus, counsel for Defendant was properly served when the Second Amended Complaint was filed on ECF. *See* D.V.I. Loc. R. Civ. P. 5.4(i)(1). Accordingly, the Court turns to the issue of whether Defendant properly answered or defended the action.

ii. Failure to Answer or Defend

Default may be entered, pursuant to Federal Rules of Civil Procedure Rule 55(a), against a party who has failed to plead or otherwise defend an action against them. Fed. R. Civ. P. 55(a). A party against whom default judgment is sought is entitled to proper notice of this application. Fed. R. Civ. P. 55 (b)(2); *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011) ("defendant who has appeared in a case generally is entitled to no less than seven days' advance notice of any motion for default judgment").

Here, Plaintiffs filed a Second Amended Complaint on January 20, 2011. (Doc. No. 557). Defendant has failed to file any Answer. On March 4, 2014, Plaintiffs moved for entry of default against Defendant. (Doc. No. 872). Plaintiff also filed a "Notice of Filing" regarding

3

that motion on March 6, 2014. (Doc. No. 874); Fed. R. Civ. P. 55 (b)(2). Accordingly, Defendant has received proper notice and entry of default is appropriate.

## CONCLUSION

For the reasons set forth above, the Court will reverse the Magistrate Judge's decision and will enter default against Defendant.

Dated: 4/29/14

ANNE E. THOMPSON, U.S.D.J.

4