NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| JUAN MENDEZ, et al., | |
| Plaintiffs, | Civ. No. 05-174 (consolidated with Civ. No. 05-199) |
| v. | **OPINION** |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon the Motion of Plaintiffs[2] for default judgment against Defendant Puerto Rican International Companies, Inc. ("PIC"). (Doc. No. 898). Defendant has been almost entirely inactive during the litigation and has not filed any opposition to Plaintiffs' Motion. For the reasons stated herein, Plaintiffs' Motion will be granted in part and denied in part.

## BACKGROUND

As the parties are already familiar with this case, the Court will review here only those facts relevant to the current motion. On November 14, 2005 and December 27, 2005 two groups of Plaintiffs filed Complaints, and the two cases were consolidated on March 26, 2006. (Case 5-199, Doc. No. 27).[3] On January 24, 2011 Plaintiffs filed their Second Amended Complaint,

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] There are 48 Plaintiffs in this action.
[3] All citations to the record hereafter will refer to the record in the *Mendez* case, Civ. No. 5-174, unless otherwise noted.

1

asserting seven counts against six Defendants: PIC, Hovensa, LLC ("Hovensa"), Plant Performance Services, LLC ("P2S"), Plant Performance Services International, Ltd. ("PPSI"), Fluor Corporation ("Fluor"), and Fluor Enterprises, Inc. ("FEI"). (Doc. No. 558). Count I asserts discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1967, 42 U.S.C. §§ 2000e, *et seq.* Count II alleges a violation of the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 1-10, 64, *et seq.* Count III claims breach of the implied covenant of good faith and fair dealing. Count IV asserts violations of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76-69. Count V alleges intentional and/or negligent infliction of emotional distress. Count VI claims tortious interference with an employment relationship, and lastly, Count VII asserts entitlement to punitive damages.

In 2003, Hovensa contracted with General Electric International, Inc. ("GEI") to construct a FCC Power Recovery System at Hovensa's Refinery on St. Croix. Subsequently, GEI entered into an agreement with PPSI for PPSI to provide construction services. PPSI in turn sub-contracted with PIC for general mechanical work, and PIC hired all 48 plaintiffs who filed suit in this matter. Plaintiffs allege that during their employment, they suffered various types of discrimination and unlawful retaliation, including the use of racial slurs by PPSI supervisors. Plaintiffs brought their concerns to supervisors and several weeks later, Plaintiffs were terminated in October and December of 2004. They filed suit at the end of 2005.

Most of the Plaintiffs settled their claims with PIC's co-Defendants. With respect to the remaining Plaintiffs, the Court granted Summary Judgment in favor of Hovensa, Fluor, FEI, and P2S on October 4, 2013. (Doc. Nos. 841-844). On October 8, 2013 the Court granted Summary Judgment in favor of PPSI against all remaining Plaintiffs except one, Bienvenido Carrasco. (Doc. Nos. 846, 847). Carrasco subsequently settled with PIC's co-Defendants. (Doc. No. 865).

Therefore, at this point all disputes between the parties have been resolved, with the exception of Plaintiffs' claims against PIC.

Defendant PIC was served with the original Complaint on January 18, 2006 and filed an Answer on May 24, 2006. (Doc. No. 35). PIC received proper service of Plaintiffs' Second Amended Complaint when it was filed in the ECF system on January 24, 2011 and received by PIC's attorney Maxwell McIntosh through the ECF system. (Doc. No. 876). PIC never filed any Answer and did not otherwise participate in the suit. Thus, on April 30, 2014 the Court entered default against PIC. (Doc. No. 878). With still no response from Defendant, Plaintiffs filed the present Motion for Default Judgment on January 14, 2015. (Doc. No. 898).

## DISCUSSION

### A. Legal Standard

In deciding a motion for default judgment, the court must accept as true any facts in the pleadings relating to liability, but need not accept any legal conclusions nor the extent and amount of damages claimed by a party. *See* Fed. R. Civ. P. 8(b)(6); *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). To be entitled to a default judgment, the plaintiff's well pleaded facts must assert a legally sufficient claim for relief. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.") (citing precedents in the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh circuits); *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238 (RBK/KMW), 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011) ("Default judgment is permissible only if plaintiff's factual allegations establish a right to the requested relief."). Under Federal Rule of Civil Procedure Rule 55(b)(2), courts presented with a motion

3

for default judgment may conduct hearings to "determine the amount of damages," "establish the truth of any allegation by evidence" or "investigate any other matter."

In addition, default judgment requires: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent person; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service." *Bank of Nova Scotia v. Abdallah*, No. 2010-102, 2013 WL 1846544, at *4 (D.V.I. May 2, 2013); *see also Flagstar Bank, FSB v. Toronto*, No. 2011-0015, 2013 WL 2402620, at *3-4, (D.V.I. June 3, 2013). However, even if default judgment is permissible, the court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Default judgment is a sanction of last resort and the Third Circuit has stated its preference for cases to be disposed of on the merits when practicable. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1990); *Toy v. Hayman*, No. 07-3076 (JLL), 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008). Ultimately however, the entry of default judgment is left largely to the court's discretion. *See Hritz*, 732 F.2d at 1180–81; *Young v. Beard*, 227 Fed. App'x 138, 142 (3d Cir. 2007).

B. Analysis

Here, PIC was properly served with Plaintiffs' Second Amended Complaint on January 20, 2011 and failed to answer or defend. (Doc. No. 878). Thus, on April 29, 2014, this Court entered default against Defendant. (*Id.*). In addition, PIC is a corporate entity, not an infant nor incompetent person and not in military service. Although Plaintiffs have not submitted an

affidavit of damages, they stated they would do so upon the Court's grant of default judgment as to liability. Thus, if Plaintiffs have asserted legally sufficient claims for relief then they have satisfied the required elements for obtaining a default judgment on liability.

Upon review of the Second Amended Complaint and the record, the Court finds that Plaintiffs are entitled to default judgment only on their Count I claim of discriminatory employment practices under Title VII. Indeed, Plaintiffs appear to concede as such since their proposed draft order submitted with their Motion grants default judgment only on this claim. (Doc. No. 898). And Plaintiffs' Motion brief states that if the Court is not inclined to enter default judgment solely on the basis that default has occurred, "default judgment may still be entered against PIC on Plaintiffs' claims for discrimination in employment practices as it relates to pay, benefits, and promotions" and fails to specifically address any other claim. (*Id.* at 3).

The Second Amended Complaint alleges that Defendants paid Plaintiffs, who are "local West Indian or Hispanic workers," less than stateside workers and gave stateside workers "job opportunities, jobs and promotions" not offered to Plaintiffs, even though all the workers performed "the same or similar work with the same or similar qualifications and experience." (Doc. No. 558 at ¶¶ 117-118). In addition, Plaintiffs allege that Defendants laid them off, only to bring in "White stateside workers to replace the Plaintiffs and to perform the work the Plaintiffs had been doing before each of them was terminated." (*Id.* at ¶ 108). Accepting these facts as true, Plaintiffs have asserted a legally sufficient claim of discriminatory pay, promotion, and termination in violation of Title VII.[4] Additionally, the *Chamberlain* factors support default

---

[4] The Court previously granted summary judgment in favor of PIC's co-Defendant on this claim (with the exception of one Plaintiff), based on insufficient evidence of discriminatory practices. (Doc. No. 847). However, this ruling does not preclude default judgment here because PIC was Plaintiffs' direct employer and thus may have had relevant evidence that the Court is unable to assess given PIC's lack of participation in the suit.

5

judgment on this claim. *See Chamberlain*, 210 F.3d at 164 (identifying prejudice to plaintiff, the existence of a meritorious defense, and defendant's culpability in its delay as the three factors courts consider in deciding whether default judgment is warranted). Plaintiffs are likely to be prejudiced if default judgment is denied because over a decade has passed since the allegedly wrongful acts, and thus any further delays may diminish Plaintiffs' ability to obtain relevant evidence. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982) (explaining that prejudice includes loss of available evidence). Moreover, despite ample opportunities to do so, PIC has failed to raise any defenses, and its extended unresponsiveness—spanning several years—demonstrates culpability. *See Hritz*, 732 F.2d at 1183 (finding that culpability requires "more than mere negligence" and that "reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard"). Therefore, the Court will grant default judgment against PIC solely as to liability on its Count I claim of discrimination in pay, promotion, and termination under Title VII. Plaintiffs will be ordered to submit affidavits on damages in order for the Court to assess appropriate damages.

However, default judgment will be denied with respect to the remaining claims, as they appear to be deficient. *See* Doc. No. 847; *Bush v. City of Phila. Police Dep't*, 684 F. Supp. 2d 634, 639 (E.D. Pa. Feb. 4, 2010) (denying plaintiff's motion for default judgment because plaintiff's claim was insufficient as a matter of law); *Andrews v. Wallace*, No. 96-7180, 1997 WL 186322, at *3 (E.D. Pa. Apr. 14, 1997) (denying default judgment because "claims which are legally insufficient are not established by default"). The remaining discrimination claims in Count I allege a hostile work environment and retaliatory discrimination under Title VII, but Plaintiffs' hostile work environment claim fails because the racist graffiti and comments alleged do not appear to be so pervasive and severe that they changed the terms and conditions of

employment. *See Caver v. City of Trenton*, 420 F.3d 243, 263 (3d Cir. 2005) (finding insufficient evidence of a hostile work environment where plaintiffs' claims were based on racist comments, graffiti, and flyers not directed specifically at plaintiffs). Plaintiffs' retaliation claim fails because the lack of temporal proximity between Plaintiffs' alleged complaints and their subsequent termination as well as the lack of discriminatory conduct in the intervening period preclude an inference of retaliatory animus. (*See* Doc. No. 847 at 21-27). Count II asserts employment discrimination under Title 10 of the Virgin Islands Civil Rights Act and fails for the same reasons that the corresponding claims under Title VII are insufficient. In addition, Plaintiffs cannot bring a private cause of action under 10 V.I.C. § 64. *See Hodge v. Nat'l Rural Utilities Coop. Fin. Corp.*, No. 13-00032 (SDW), 2014 WL 1757229, at *5-6 (Apr. 28, 2014).

Count III alleges a breach of the implied covenant of good faith and fair dealing, but Plaintiffs have not demonstrated any detrimental reliance on any allegedly fraudulent statements made by Defendant regarding Plaintiffs' termination. *See LPP Mortgage Ltd. v. Prosper*, 2008 WL 5272723, at *2 (D.V.I. Dec. 17, 2008) (listing fraudulent or deceitful conduct as an element of breach of the implied covenant of good faith and fair dealing); *Galloway v. Islands Mech. Contractor, Inc.*, No. 2008-071, 2012 WL 3984891, at *17 (D.V.I. Sept. 11, 2012) (listing actual reliance as an element of fraud or misrepresentation). Count IV states a violation of the Virgin Islands Wrongful Discharge Act, but it appears that Plaintiffs did not work at least six months on the project, which the Act requires. V.I. Code Ann. Tit. 24 § 62. With respect to Count V, Defendants' racially derogatory graffiti and comments and the termination of Plaintiffs' employment did not rise to the level of outrageous conduct or produce the severe emotional distress required for a finding of IIED. *See Thomas Hyll Funeral Home, Inc. v. Bradford*, 233 F. Supp. 2d 704, 714 (D.V.I. 2002); Restatement (Second) of Torts § 46 (1965).

Finally, Count VI, a claim of tortious interference with an employment relationship, is inapplicable and has not been asserted against PIC because PIC was Plaintiffs' direct employer. Count VII alleges entitlement to punitive damages rather than a cause of action, and the Court need not accept a party's claims of damages when deciding a Motion for Default Judgment. *See DIRECTV*, 431 F.3d at 165. At this point, the circumstances do not appear to rise to the level of outrageousness or maliciousness to warrant punitive damages, and Plaintiffs have not asserted otherwise in their Motion brief. Thus, Plaintiffs are not entitled to default judgment on any other claims, and the Court will order Plaintiffs to show cause why these deficient claims should not be dismissed against PIC. *See Acosta v. Nat'l Packaging, Inc.*, No. 09-701 (GEB), 2010 WL 920660, at *3 (D.N.J. Mar. 8, 2010) (denying a motion for default judgment and simultaneously issuing an order to show cause why the case should not be dismissed).

## CONCLUSION

For the reasons stated above, the Court will grant default judgment in favor of 48 Plaintiffs against Defendant PIC solely on the Count I claim of discriminatory employment practices under Title VII. The Court will deny default judgment on all other claims against PIC, and Plaintiffs will be ordered to show cause why these claims should not be dismissed. An appropriate Order and Judgment follows.

/s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.