NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

JUAN MENDEZ, et al.,

Plaintiffs,

v.

PUERTO RICAN INTERNATIONAL
COMPANIES, INC., et al.,

Defendants.

Civ. No. 05-174
(consolidated with Civ. No. 05-199)

**OPINION**

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon the Motion of Defendant Hovensa, LLC for costs and attorneys' fees against Plaintiffs pursuant to Federal Rule of Civil Procedure 54(d) and 5 V.I.C. § 541. (Doc. Nos. 850, 853, 890). Plaintiffs oppose. (Doc. No. 855). The Court has issued the Opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's Motion will be granted in part and denied in part. The Court will assess costs of $2,198 against four Plaintiffs—Juan Mendez, Shawn Smith, Michael Bynoe, and Jose Gonzalez—to be reimbursed to Hovensa.

## BACKGROUND

As the parties are already familiar with this case, the Court will review here only those facts relevant to the current motion. On November 14, 2005 and December 27, 2005 two groups of Plaintiffs filed their Complaints alleging illegal employee discrimination and unlawful

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

termination pursuant to Title VII of the Civil Rights Act of 1964 and the Virgin Islands Civil Rights Act, among other claims. The two cases were consolidated on March 26, 2006 (Case 5-199, Doc. No. 27).[2] On January 24, 2011 Plaintiffs filed their Second Amended Complaint, asserting seven counts against six Defendants: Hovensa, Puerto Rican International Companies, Inc. ("PIC"), Plant Performance Services, LLC ("P2S"), Plant Performance Services International, Ltd. ("PPSI"), Fluor Corporation, ("Fluor"), and Fluor Enterprises, Inc. ("FEI"). (Doc. No. 558). Count I asserts discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1967, 42 U.S.C. §§ 2000e, *et seq.* Count II alleges a violation of the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 1-10, 64, *et seq.* Count III claims breach of the implied covenant of good faith and fair dealing. Count IV asserts violations of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76-69. Count V alleges intentional and/or negligent infliction of emotional distress. Count VI claims tortious interference with an employment relationship, and lastly, Count VII asserts entitlement to punitive damages.

In 2003, Hovensa contracted with General Electric International, Inc. ("GEI") to construct a FCC Power Recovery System at Hovensa's Refinery on St. Croix. Subsequently, GEI entered into an agreement with PPSI for PPSI to provide construction services. PPSI in turn sub-contracted with PIC for general mechanical work, and PIC hired all 48 plaintiffs who filed suit in this matter. Plaintiffs allege that during their employment, they suffered various types of discrimination and illegal retaliation, including the use of racial slurs by PPSI supervisors. Subsequently, Plaintiffs were terminated in October and December of 2004. They filed suit roughly a year later, at the end of 2005.

---

[2] All citations to the record hereafter will refer to the record in the *Mendez* case, Civ. No. 5-174, unless otherwise noted.

2

By the fall of 2013, 33 plaintiffs had settled their claims or were dismissed from the suit for failure to prosecute. (Doc. No. 847 at fn 5). On October 4, 2013 the Court granted summary judgment for Hovensa on all claims, finding that Plaintiffs failed to establish that Hovensa directly or jointly employed them. (Doc. Nos. 841, 842). At that time, only 15 Plaintiffs remained, but shortly thereafter, additional Plaintiffs settled. On December 21, 2013 Hovensa filed the present Motion for Costs and Attorneys' Fees, seeking reimbursement for the entirety of the litigation from five Plaintiffs. (Doc. No. 850). However, Plaintiffs filed a Notice of Appeal shortly thereafter and opposed the Motion as untimely. (Doc. No. 854, 855). The Third Circuit dismissed the appeal for lack of appellate jurisdiction on January 1, 2014. (Doc. No. 868). On December 8, 2014 Hovensa filed Notice that it still seeks to pursue attorneys' fees and costs totaling $328,936.34.[3] (Doc. No. 890). Hovensa did not submit updated briefs or additional documents and instead referred the Court to its initial Motion filings. (*Id.*).

## DISCUSSION

A. Legal Standard

    *i.  Attorneys' Fees*

While the general "American Rule" of our legal system requires each party to bear its own litigation expenses regardless of whether it wins or loses, Congress may provide limited exceptions to the rule by statute. *Smith v. V.I. Port Auth.*, No. 02-227-JRS, 2012 WL 4472827, at *2 (D.V.I. Sept. 28, 2012). Federal Rule of Civil Procedure 54(d)(2) "recognizes the possibility of awards of attorney's fees . . . and establishes a procedure for asserting a right to such an award . . . [but] courts must look to another source of substantive law to determine

---

[3] Specifically, Hovensa claims costs of $34,606.81 and attorneys' fees of $294,329.53. (Doc. No. 853, Exhibit A).

3

whether a party is entitled to attorney's fees," because Rule 54(d) is silent with respect to a party's entitlement to such fees. *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. 2010-083, 2014 WL 1178200, at *2 (D.V.I. Mar. 21, 2014). For example, 42 U.S.C. § 2000e-5(k) permits the recovery of attorneys' fees in Title VII suits, but a prevailing defendant may obtain such fees only if "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In determining whether an unsuccessful plaintiff's civil rights claims are frivolous, the Third Circuit noted the following non-exhaustive factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the case was dismissed before trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) (applying Section 1988's fee shifting provision).

For claims arising under local rather than federal law, local fee shifting statutes apply. *See, e.g., Smith*, 2012 WL 4472827, at *4. Title 5 § 541 of the Virgin Islands Code permits the prevailing party to recover attorneys' fees at the court's discretion. 5 V.I.C. § 541(a)(6). "The purpose of Section 541 is to indemnify the prevailing party, and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Hodge v. Super. Ct. of the V.I.*, No. 07-87, 2009 WL 4543629, at *1 (D.V.I. Nov. 24, 2009). "[C]aselaw is not specific as to the factors relied upon by district courts in determining whether to award attorney's fees pursuant to 5 V.I.C. § 541." *Smith*, 2012 WL 4472827, at *4. However, if a court concludes that fees should be

4

awarded, it then considers the "time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation" to determine the appropriate amount of fees. *Galt Capital, LLP v. Seykota*, Nos. 2002-63, 2002-134, 2007 WL 4800135, at *1 (D.V.I. Dec. 20, 2007). Ultimately, the decision to award attorneys' fees lies within the district court's discretion. *Smith*, 2012 WL 4472827, at *4; 5 V.I.C. § 541(a)(6).

### ii.   Costs

Federal Rule of Civil Procedure 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Unlike attorneys' fees, costs are generally awarded to a prevailing party as a matter of course, as Rule 54(d)(1) creates a "strong presumption that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). However, "if a losing party is indigent or unable to pay the full measure of costs, a district court may . . . exempt the losing party from paying costs." *Id.* at 464. Since "the denial of such costs is akin to a penalty," the burden is on the losing party to show that an award of costs would be inequitable, and "[i]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *M & N Aviation*, 2014 WL 1178200, at *1 (citing Third Circuit precedents).

The costs recoverable under Rule 54(d)(1) are usually those listed in 28 U.S.C. § 1920; however, § 1920 does not apply in the Virgin Islands. *See Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988). Instead, 5 V.I.C. § 541(a) lists the following available costs:

(1) fees of officers, witnesses, and jurors;
(2) necessary expenses of taking depositions which were reasonably necessary in the action;

5

> (3) expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) necessary expense of copying any public record, book, or document used as evidence at the trial.[4]

Lastly, although Section 541(a) permits reimbursement for "necessary expenses of taking depositions," "the longstanding rule in the Virgin Islands is that travel expenses incurred in taking depositions will not be awarded absent special circumstances." *M & N Aviation*, 2014 WL 1178200, at *5 (citing multiple cases).

B. Analysis

Here, the Court granted summary judgment to Hovensa on all claims; thus it is a "prevailing party" potentially entitled to attorneys' fees and costs under both Rule 54 and 5 V.I.C. § 541. *See Hodge*, 2009 WL 4543629 at *1 (finding the party in whose favor summary judgment was granted on all claims to be the "prevailing party" under Section 541); *Int'l Leasing & Rental Corp. v. Gann*, No. 08-40, 2010 WL 1284464, at *1 (D.V.I. Mar. 23, 2010) ("A prevailing party under § 541 is one in whose favor a decision or verdict is rendered and a judgment is entered."). Hovensa seeks $328,936.34 from Plaintiffs, which includes costs of $34,606.81 and attorneys' fees of $294,329.53. (Doc. No. 853, Ex. A). Upon consideration of all relevant factors, the Court will only grant Hovensa's Motion in part.

First, Hovensa seeks $7,131.27 for "travel expenses necessary for depositions." (Doc. No. 853, Ex. A). However, Defendant has made no effort to identify any extraordinary circumstances that would justify departing from the general rule that travel expenses incurred in taking depositions should not be awarded under Virgin Islands law. *See M & N Aviation*, 2014

---

[4] The section also lists attorneys' fees as provided for in § 541(b) as an allowable cost.

6

WL 1178200, at *5. Moreover, although it appears that travel expenses were incurred as the result of depositions taken in Texas and Puerto Rico, where some of the Plaintiffs reside, in light of the financial hardships asserted by Plaintiffs, discussed later in this Opinion, the Court declines to award travel expenses here. Therefore, the Court will first deduct $7,131.27 from Hovensa's requested costs, leaving $27,475.54.

Second, Hovensa is only seeking reimbursement from the last five of the original 48 Plaintiffs but made no attempt to proportionally deduct any expenses fairly attributable to the other Plaintiffs. Because it would be clearly unreasonable to force these last few Plaintiffs to shoulder all of Hovensa's litigation expenses incurred in defending the entire lawsuit, the Court will first reduce pro-rata the amount requested. Although Hovensa's Motion brief claims fees and costs from five plaintiffs, one of those plaintiffs, Bienvenido Carrasco, appears to have subsequently settled his claims. (Doc. No. 865). Hovensa did not file an updated Motion for fees and costs, but presumably it is only seeking reimbursement from the remaining four Plaintiffs. Four out of the original 48 Plaintiffs is roughly eight percent; thus, only eight percent of the requested expenses may be potentially recoverable—that is, costs of $2,198 and attorneys' fees of $23,546.

Third, although Hovensa's brief in support of its Motion does not explicitly request attorneys' fees under 42 U.S.C. § 2000e–5(k), it made no effort to separate out expenses incurred in defending the federal Title VII claim from the remaining Virgin Islands claims. To the extent that Hovensa seeks attorneys' fees relating to the Title VII claim, the Court will deny the request. Even though summary judgment was granted in Hovensa's favor, Plaintiffs' Title VII claim was not "frivolous, unreasonable, or groundless." *Christiansburg*, 434 U.S. at 421. Hovensa did not file a motion to dismiss or a motion for judgment on the pleadings that may have disposed of the

7

case at an early stage and thereby reduced costs. Plaintiffs claimed to have suffered tangible harm and endured a racially charged work environment even though the Court found that it did not rise to the level of a legally redressable claim. Furthermore, although Plaintiffs ultimately failed to establish that Hovensa was their direct or joint employer here, there were plausible arguments to support Plaintiffs' assertion of joint employer status and notably, a previous court had found a genuine issue of material fact as to joint employer status between the same parties. *See* Doc. No. 842 at 10-12; *Mendez v. Hovensa*, LLC, 49 V.I. 826, 834–36 (D.V.I. 2008). Defendant ultimately settled with almost all of the original Plaintiffs. Under these circumstances, forcing Plaintiffs to reimburse Hovensa for attorneys' fees incurred in defending against the Title VII claim would be contrary to the purpose of 42 U.S.C. § 2000e–5(k), which is to encourage plaintiffs to vindicate their civil rights by filing lawsuits. *See Christiansburg*, 434 U.S. at 420–22 ("assessing attorney's fees against plaintiffs simply because they do not finally prevail would . . . undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII").

Fourth, Plaintiffs also asserted claims under Title 10 of the Virgin Islands Civil Rights Act. Although fees under this statute are governed by 5 V.I.C § 541 rather than a federal statute, the policy considerations underlying the federal and local civil rights laws are similar—to encourage injured plaintiffs to come forward with their civil rights claims. Thus, for the same reasons that Hovensa is not entitled to attorneys' fees under the federal civil rights statute, it is also not entitled to attorneys' fees under the Virgin Islands civil rights statute. *See Lue-Martin v. March Group, LLLP*, 379 Fed. App'x 190, 194 (3d Cir. 2010) (affirming the district court's denial of attorneys' fees under § 541) (The district court had denied the prevailing defendant's motion for attorneys' fees in a non-frivolous employment discrimination case, and then

subsequently denied fees under § 541 for the same reasons.). Therefore, the Court will decline to assess any attorneys' fees incurred in defending the civil rights claims against Plaintiffs.

Lastly, in light of Plaintiffs' financial circumstances, the Court will deny Hovensa's request for attorneys' fees relating to the remaining Virgin Islands claims but will grant in part its request for costs. Generally, fee awards granted in the Virgin Islands tend to constitute only a portion of the fees sought. *See Gardiner v. V.I. Water & Power Auth.*, 32 F. Supp. 2d 816, 818 (D.V.I. Jan. 4, 1999) (citing *Lucerne Investment Co. v. Estate of Belvedere, Inc.*, 411 F.2d 1205 (3d Cir. 1969)). In addition, "[t]he decision not to award attorneys' fees is not aberrant under Virgin Island law." *Newfound Mgmt. Corp. v. Sewer*, 34 F. Supp. 2d 305, 318 (D.V.I. Jan. 19, 1999) (denying attorneys' fees and costs); *see also Lue-Martin*, 379 Fed. App'x at 194 (affirming the district court's denial of both attorneys' fees and costs to the prevailing party).

Here, the four Plaintiffs whom Defendant seeks reimbursement from appear to be impoverished. (Doc. No. 855 at 9-11, Exhibits 1-4). They have had a significant period of unemployment since being discharged, do not own homes, have no health insurance, and apparently have no assets besides a car used for transportation. It does not seem that Plaintiffs currently have any discretionary income nor will have such income in the foreseeable future. Therefore, the Court will exercise its discretion to decline an award of attorneys' fees. *See In Re Paoli*, 221 F.3d at 464 ("[W]e hold that if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs.").

However, there is a "strong presumption that costs are to be awarded to the prevailing party." *In Re Paoli*, 221 F.3d at 462. Therefore, the Court will assess costs of $2,198 against the four Plaintiffs. This amount reflects a fair apportionment of Hovensa's recoverable costs divided

equally across all 48 original Plaintiffs for deposition transcript fees and copies of documents necessary for depositions. *See* Doc. No. 853, Ex. A; 5 V.I.C. § 541(a)(2) (listing "necessary expenses of taking depositions which were reasonably necessary in the action" as recoverable costs). Dividing $2,198 among the four Plaintiffs means that each shall pay $549.50 to Defendant.

## CONCLUSION

For the reasons stated herein, Defendant Hovensa LLC's Motion for Costs and Attorneys' Fees will be granted in part and denied in part. The Court will impose costs of $2,198 against Plaintiffs Juan Mendez, Shawn Smith, Michael Bynoe, and Jose Gonzalez to be reimbursed to Defendant. An appropriate Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.