NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# ST. CROIX DIVISION

| | |
|---|---|
| JUAN MENDEZ, et al., | |
| Plaintiffs, | Civ. No. 05-174 (consolidated with Civ. No. 05-199) |
| v. | **MEMORANDUM ORDER & JUDGMENT** |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

On February 17, 2015 this Court granted default judgment to 48 Plaintiffs against Defendant Puerto Rican International Companies, Inc. ("PIC") solely with respect to liability on Count I of the Second Amended Complaint, which alleged discriminatory employment practices under Title VII. (Order, ECF No. 913.) Thereafter, Plaintiffs have filed affidavits to support an award of damages for the default judgment. For the reasons below, the Court will enter default judgment in favor of Plaintiffs against PIC for the total amount of $372,048.00.

Plaintiffs prevailing by default are "not automatically entitled to the damages they originally demanded;" instead, "defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought." *Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) and *DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)). Title VII allows district courts to award prevailing plaintiffs "equitable relief"

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

including back pay. 42 U.S.C. § 2000e–5(g). "Back pay is not an automatic or mandatory remedy, but one which the courts may invoke at their equitable discretion." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 84 (3d Cir. 2009) (internal quotation marks omitted). While there exists a presumption in favor of a back pay award, Title VII also imposes on claimants a statutory duty to mitigate damages. *See Booker v. Taylor Milk Co.*, 64 F.3d 860, 864 (3d Cir. 1995). In addition, prevailing Title VII plaintiffs may also receive compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981 a(b)(3).

Here, 36 Plaintiffs have filed damages affidavits, each seeking back pay and emotional distress damages of $100,000.[2] Some Plaintiffs also seek damages for the loss of a car or home resulting from their termination of employment. (*See, e.g.*, Lucho Hernandez Aff. 3, ECF No. 927-1; Shawn Smith Aff. 3, ECF No. 917-7.) The amount of back pay sought by the Plaintiffs is considerable, as each individual Plaintiff requests damages from the time of their termination by Defendant until the start of their subsequent employment. This gap in time ranges from two weeks to eleven years. (*See* Marcel Hippolyte Aff. 2, ECF No. 917-11; Ernesto Rodriguez Aff. 2, ECF No. 922-7.) Plaintiffs' hourly pay ranged from $14.50 to $24 per hour, and many Plaintiffs worked ten or more hours of overtime each week. (*See* Jose Gonzalez Aff. 1, ECF No. 919-2; Lucho Hernandez Aff. 1, ECF No. 927-1.)

After reviewing the record and Plaintiffs' affidavits, the Court declines to award Plaintiffs the full amount of damages they have requested. The vast majority of Plaintiffs'

---

[2] The Court has extended Plaintiffs ample time and granted two extension requests to file damages affidavits. (*See* Orders of February 27, 2015, April 20, 2015, and June 4, 2015, ECF Nos. 913, 920, 925.) At this point, no damages will be awarded to any Plaintiff who has not submitted an affidavit.

affidavits failed to assert mitigation of damages because they contain no statement that the Plaintiff exercised reasonable diligence in seeking to obtain other employment. *See* 42 U.S.C. § 2000e–5(g). Moreover, upon review of the procedural history of the entire case and Plaintiffs' pleadings and affidavits, it does not appear that Plaintiffs have established a compelling Title VII discriminatory employment practices claim; rather Plaintiffs have just managed to assert the claim under the lenient default judgment standard. *See DIRECTV*, 431 F.3d at 165 (explaining that on a motion for default judgment the court must accept as true any facts in the pleadings relating to liability but need not accept any legal conclusions nor the extent and amount of damages); Fed. R. Civ. P. 8(b)(6), 55(b). The fact that the Court granted summary judgment to all other Defendants besides PIC on all of Plaintiffs' claims[3] casts significant doubt on the merits of Plaintiffs' Title VII claim against PIC. Specifically with respect to the Title VII claim in Count I, the Court found insufficient evidence of discriminatory or retaliatory employment practices by the other Defendants.[4] (Mem. Op. 36, Oct. 9, 2013, ECF No. 847.) However, default judgment was granted to Plaintiffs on this Count against PIC only because PIC was Plaintiffs' direct employer and thus may have had more relevant evidence that the Court was unable to assess given PIC's lack of participation in the suit. (Op., Feb. 17, 2015, ECF No. 912.) Therefore, in light of the above, the Court will exercise its discretion to award only up to one

---

[3] The one exception was that summary judgment was denied on Plaintiff Bienvenido Carrasco's claims of discriminatory termination and tortious interference.

[4] The Court found insufficient evidence that any stateside employees actually replaced Plaintiffs or that any stateside employees were given additional benefits or pay. The Court also rejected Plaintiffs' claims of retaliatory termination, finding a lack of temporal proximity between any protected conduct by Plaintiffs and their termination months later. Lastly, the Court found that the racist comments and graffiti that Plaintiffs endured during their employment, while unacceptable, did not rise to the level of extreme or severe conduct necessary to establish a hostile work environment. (*See* Mem. Op. 15–28, Oct. 9, 2013, ECF No. 847.)

3

month of back pay[5] for each Plaintiff and decline to award any equitable relief beyond back pay. *See, e.g., Rainey*, 354 F. App'x at 725 (affirming the district court's default judgment award of only $250 in nominal damages to a plaintiff alleging discriminatory termination under Title VII because the plaintiff "did not make allegations sufficient to establish that he was fired on account of his membership in a protected class"); *Crook v. Chick, LLC*, No. 2:11-CV-827, 2013 WL 603098, at *3–4 (W.D. Pa. Feb. 19, 2013) (awarding the plaintiff in a Title VII suit default judgment of only $3,000 in back pay instead of the requested $146,250).

In addition, given the fact that Plaintiffs were employed by Defendants for only a short period of time (less than six months)[6] before their termination, the Court will only award each Plaintiff[7] $5,000 in compensatory damages for emotional pain and suffering, not the requested $100,000. Indeed, the Court questions the credibility of Plaintiffs' claims of emotional suffering given the fact that all Plaintiffs have requested identical amounts for compensatory damages regardless of their own personal circumstances. *See Crook*, 2013 WL 603098, at *4 (declining to award any compensatory damages because "[t]he Court seriously questions the credibility of the testimony offered by Plaintiff regarding the effect of Defendant's denial of her promotion on her emotional well-being and does not accept her claims as true.").

---

[5] Plaintiffs seeking less than one month of back pay will be awarded only the amount that they requested. However, Plaintiff Bienvenido Carrasco will be awarded his requested six months of back pay because his claim of discriminatory termination seemed more compelling, and the Court denied another Defendant's Motion for Summary Judgment on his claim. A table including the calculations of back pay for each Plaintiff is attached to this Opinion as Appendix A.

[6] The Court previously granted summary judgment to Defendants on Plaintiffs' Virgin Islands Wrongful Discharge Act claim because it requires employees to have been employed for at least 6 months by the employer, and Plaintiffs admitted that the record failed to demonstrate 6 months of employment. (Mem. Op. 30, Oct. 9, 2013, ECF No. 847.)

[7] Only the 36 Plaintiffs who have submitted a damages affidavit will be awarded such relief.

4

Granting up to one month of back pay to the 36 Plaintiffs who have filed affidavits yields a total of $192,048.00. And the award of $5,000 in compensatory damages to each of these Plaintiffs adds $180,000 to the total. Adding the back pay and compensatory damages together produces a final amount of $372,048.00.[8] Accordingly,

IT IS, on this 28th day of July, 2015

ORDERED AND ADJUDGED that DEFAULT JUDGMENT shall be entered in favor of Plaintiffs against Defendant PIC in the amount of $372,048.00; and it is

ORDERED that the Clerk of Court designate this case (Civ. Nos. 5-174 and 5-199) as CLOSED since all other claims in this matter have been resolved.

ANNE E. THOMPSON, U.S.D.J.

---

[8] Plaintiffs did not seek pre-judgment interest.

5

Appendix A: Damages to be Awarded to Each Plaintiff

| Plaintiff | Weekly Pay | Weeks | Total Back Pay (weekly pay x weeks) | Compensatory Damages |
|---|---|---|---|---|
| Elrod Baptiste | $1050 | 4 | 4200 | $5000 |
| Michael Bynoe | $1190 | 4 | 4760 | $5000 |
| Bienvenido Carrasco | $880 | 24 | 21120 | $5000 |
| Sabino Castillo | $1050 | 4 | 4200 | $5000 |
| Raquel Concepcion | $640 | 4 | 2560 | $5000 |
| Mercedes Cruz | $640 | 4 | 2560 | $5000 |
| Thomas Duparl | $1045 | 4 | 4180 | $5000 |
| Alfredo Diaz | $1400 | 4 | 5600 | $5000 |
| Felipe Figueroa | $1045 | 4 | 4180 | $5000 |
| Orson Orlando Flemming | $1365 | 4 | 5460 | $5000 |
| Jose Gonzalez | $1015 | 4 | 4060 | $5000 |
| Maximo Guerro | $1120 | 4 | 4480 | $5000 |
| Sencion Guerro | $1312.5 | 4 | 5250 | $5000 |
| Lucho Hernandez | $1680 | 4 | 6720 | $5000 |
| Marcel Hippolyte | $1190 | 2 | 2380 | $5000 |
| Nathaniel Hobson | $1330 | 4 | 5320 | $5000 |
| Marcelo Landers | $1260 | 4 | 5040 | $5000 |
| Miguel Liriano | $1120 | 4 | 4480 | $5000 |
| Angel Oscar Velasquez Lopez | $1050 | 4 | 4200 | $5000 |
| Angel Oscar Velasquez Martinez | $1200 | 4 | 4800 | $5000 |
| Juan Mendez[9] | $2352 | 4 | 9408 | $5000 |
| Augusto Montilla | $1190 | 4 | 4760 | $5000 |
| Joseph Nicholas | $1400 | 4 | 5600 | $5000 |
| Waldemar Olmeda | $1120 | 4 | 4480 | $5000 |
| Humberto Ortiz | $990 | 4 | 3960 | $5000 |
| Joseph Oscar | $1330 | 4 | 5320 | $5000 |
| Orlando Pagan | $1540 | 4 | 6160 | $5000 |
| Marco Rijo | $1120 | 4 | 4480 | $5000 |
| Sandro Rivera | $1382.5 | 4 | 5530 | $5000 |
| Ernesto Rodriguez | $1120 | 4 | 4480 | $5000 |
| Catherine Sabin | $1120 | 4 | 4480 | $5000 |
| Louis Simon, Jr. | $1120 | 4 | 4480 | $5000 |
| Shawn Smith | $1260 | 4 | 5040 | $5000 |
| Cyril Thomas | $1120 | 4 | 4480 | $5000 |
| Mark Vitalis | $1700 | 4 | 6800 | $5000 |
| Bertril Williams | $1260 | 4 | 5040 | $5000 |

---

[9] Plaintiff Mendez will also be awarded $2,000 to account for his $2,000 per month ("per diem") additional salary.

6