**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **JUAN MENDEZ, et al.** | : | **CIVIL ACTION** |
| **v.** | : | |
| **PUERTO RICAN INTERNATIONAL** | : | **No. 05-cv-00174-LDD** |
| **COMPANIES, INC., et al.** | : | |

_____

| | | |
|---|---|---|
| **SHAWN SMITH, et al.** | : | **CIVIL ACTION** |
| **v.** | : | |
| **PUERTO RICAN INTERNATIONAL** | : | **No. 05-cv-00199-LDD** |
| **COMPANIES, et al.** | : | |

_____

**MEMORANDUM IN SUPPORT OF FLUOR CORPORATION,**
**FLUOR ENTERPRISES, INC., PLANT PERFORMANCES SERVICES, LLC,**
**AND PLANT PERFORMANCE SERVICES INTERNATIONAL, LTD.'S**
<u>**LIMITED PETITION FOR ATTORNEYS' FEES AND COSTS**</u>

Defendants Fluor Corporation ("Fluor"), Fluor Enterprises, Inc. ("FEI"), Plant Performances Services, LLC ("P2S"), and Plant Performance Services International, Ltd. ("PPSI") (collectively, the "Defendants"), through their counsel Ogletree, Deakins, Nash, Smoak and Stewart, LLC, respectfully submits this memorandum in support of its limited petition for attorneys' fees with respect to the non-personal injury claims brought by Plaintiffs Juan Mendez, Shawn Smith, Michael Bynoe, and Jose Gonzalez.

<u>**BACKGROUND**</u>

The litigation of this case began nearly a decade ago, and has involved extensive written and deposition discovery, motion practice relating to various discovery-related and other non-dispositive issues, as well as two (2) dispositive motions brought by Defendants addressing distinct legal issues.  In November and December 2005, forty-eight (48) plaintiffs commenced these actions seeking damages against Defendants.  The cases were thereafter consolidated. Eight (8) plaintiffs' claims were referred to arbitration and settled.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 2 of 21

On January 24, 2011, the remaining plaintiffs filed a Second Amended Complaint (the "Complaint"). (Doc. No. 558).  Count One alleged claims for race, religious, national origin, and sex discrimination in violation of 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").  Count Two alleged claims for violation of the Virgin Islands Civil Rights Act ("VICRA").  Count Three asserted claims for breach of the implied covenant of good faith and fair dealing.  Count Four alleged claims for violation of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76 ("WDA").  Count Five asserted claims for intentional infliction of emotional distress.  Count Six alleged claims for tortious interference with contractual relations.  Count Seven asserted an entitlement to punitive damages.

After substantial discovery was completed and numerous dispositive motions were filed and fully briefed, in March 2012, twenty-two (22) of the remaining plaintiffs reached settlements.  At that time, Defendants and HOVENSA made joint final settlement offers to seventeen (17) of the eighteen (18) remaining plaintiffs, which were rejected.[1]

In 2012 and 2013, after the parties litigated two motions to disqualify Plaintiffs' counsel, the parties again engaged in settlement discussions.  Those discussions resulted settlement of the claims of five (5) additional plaintiffs.

On September 30, 2013, this Court granted HOVENSA's and Defendants' Motion to Dismiss four (4) plaintiff's claims for failure to prosecute. Doc. 839.  Thereafter, another Plaintiff (Concepcion) changed her mind and accepted the pending settlement offer.

On October 7, 2013, this Court granted summary judgment to HOVENSA, Fluor, FEI and P2S on their joint employer motions, leaving only the claims against PPSI and noting the pending motion for summary judgment on the merits.  Thereafter, all but four (4) remaining

---

[1] No settlement offer was ever made to Plaintiff Josh Gondolec, as he never appeared in the case nor attended the mediation and has since been dismissed for failure to prosecute.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 3 of 21

plaintiffs settled their claims.  The remaining four (4) plaintiffs who did not settle were Juan

Mendez ("Mendez"), Shawn Smith ("Smith"), Michael Bynoe ("Bynoe"), and Jose Gonzalez

("Gonzalez") (collectively, "Plaintiffs").  Two days later, on October 9, 2013, this Court issued

its Judgment and Memorandum Opinion granting summary judgment on the merits against

Mendez, Smith, Bynoe, and Gonzalez, and dismissing all claims by those Plaintiffs. Doc. 847.

## APPLICABLE LEGAL STANDARDS

### I.   ATTORNEYS' FEES

Federal Rule of Civil Procedure 54(d)(2) governs claims for attorneys' fees.  It states:

**(2)**     **Attorneys' Fees.**

(A)     Claims for attorneys' fees and related nontaxable expenses shall be
made by motion unless the substantive law governing the action
provides for the recovery of such fees as an element of damages to
be proved at trial.

(B)     Unless otherwise provided by statute or order of the court, the
motion must

(i)      be filed no later than 14 days after entry of judgment;

(ii)     specify the judgment and the statute, rule, or other grounds
entitling the movant to the award;

(iii)    state the amount sought or provide a fair estimate of it; and

(iv)     disclose, if the court so orders, the terms of any agreement
about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d).  A "judgment" is defined to include "a decree and any order from which an

appeal lies."  Fed. R. Civ. P. 54(a).

The substantive law of the Virgin Islands provides that attorneys' fees shall be awardable

to a prevailing party in a judgment with respect to claims brought under Virgin Islands law,

excluding personal injury claims.  Specifically, the law provides:

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 4 of 21

> The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.

5 V.I.C. § 541(b).

## II.   COSTS

Federal Rule of Civil Procedure 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, ***costs***—other than attorney's fees—***should be allowed to the prevailing party***. . . .  The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1) (emphasis added).

While the "costs" capable of recoupment under Rule 54(d)(1) are ordinarily those listed in Section 1920, *see In re Paoli R.R. Yard PCB Litig*., 221 F.3d 449, 457 (3d Cir.2000), the United States Court of Appeals for the Third Circuit has made clear that Section 1920 does not apply to this Court. *Dr. Bernard Heller Foundation v. Lee,* 847 F.2d 83, 87 (3d Cir. 1988) ("Unlike Rule 54(d) and 28 U.S.C. § 1821, the language of 28 U.S.C. § 1920, which authorizes a judge 'of any court of the United States' to tax certain specified costs, cannot be applied to the District Court of the Virgin Islands because generally that court is not encompassed within the term 'court of the United States.'").   Therefore, this Court looks to title 5, section 541(a) ("Section 541(a)") to determine the items taxable as costs pursuant to Rule 54(d)(1). *See id.* ("[S]ection 541 was enacted because section 1920 did not apply to the District Court of the Virgin Islands."); *see also, e.g., Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *2-3 (D.V.I. Dec. 20, 2007) (looking to Section 541(a) to determine which items were taxable as costs to a prevailing party).

Case: 1:05-cv-00174-AET-GWC   Document #: 932   Filed: 08/12/15   Page 5 of 21

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 5 of 21

The items taxable as costs under Section 541(a) include, *inter alia*:

. . .

(2) ***Necessary expenses of taking depositions*** which were reasonably necessary in the action; [and]

(3) ***Expenses of publication of the summons*** or notices, and the postage when they are served by mail;

. . .

5 V.I.C. § 541(a) (emphasis added).

## ARGUMENT

## I.    DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES WITH RESPECT TO THE TERRITORIAL LAW CLAIMS BROUGHT BY MENDEZ, SMITH, BYNOE, AND GONZALEZ

### A.    Defendants Are Prevailing Parties For Purposes of Section 541

The territorial law claims asserted against the Defendants in these matters included Plaintiffs' claims arising under the Virgin Islands Civil Rights Act, claims for: breach of the implied covenants of good faith and fair dealing, violation of the Virgin Islands Wrongful Discharge Act, intentional infliction of emotional distress, and tortious interference with business/employment relationships.  As stated above, the standard for awarding attorneys' fees incurred in defending against these local law claims is governed by Section 541, which provides that attorneys' fees "shall be allowed to the prevailing party . . . ." 5 V.I.C. § 541(b).  Under Section 541, a "prevailing party is "one in whose favor a decision or verdict is rendered and a judgment is entered." *Melendez v. Rivera*, 24 V.I. 63, 65 (V.I. Terr. Ct. Oct. 28, 1988) (citing *Ingvoldstad v. Kings Wharf Island Enters., Inc.*, 20 V.I. 314, 1983 U.S. Dist. LEXIS 13112, at *3 (D.V.I. Oct. 4, 1983), *aff'd*, 734 F.2d 5 (3d Cir. 1984)).

On October 7, 2013, this Court granted summary judgment in favor of Fluor, FEI and P2S on grounds that the plaintiffs had failed to prove that these entities were their joint employers.  After that ruling, only plaintiffs' claims against PPSI remained.  Thereafter, all

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 6 of 21

plaintiffs settled their claims with Defendants, except Mendez, Smith, Bynoe, and Gonzalez. October 9, 2013, this Court granted summary judgment on the merits in favor of PPSI, dismissing the claims asserted against PPSI by against Mendez, Smith, Bynoe, and Gonzalez. As a result of those summary judgment rulings, Defendants clearly are prevailing parties on all claims brought by Mendez, Smith, Bynoe, and Gonzalez for purposes of Section 541. *See, e.g., Hodge v. Superior Court of the V.I.,* 2009 WL 4543629, at *4 (D.V.I. Nov. 25, 2009) (explaining that, "[b]ecause the Superior Court was granted summary judgment on all claims in this action, the Superior Court is a prevailing party under Section 541[,]" and awarding the Superior Court attorneys' fees incurred in defending against plaintiff's territorial civil rights claims).

**B.     The Heightened Standard Set Forth In *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978) Does Not Apply**

In its February 18, 2015 Memorandum Opinion regarding HOVENSA's motion for attorneys' fees, this Court denied recovery of any attorneys' fees relating to Plaintiffs' claims asserted under the Virgin Islands Civil Rights Act. *See* Doc. No. 914 at 8-9.   The Court first found that Plaintiffs' federal civil rights claims asserted in Count One were not frivolous, and denied HOVENSA's motion for attorneys' fees with respect to those claims for failure to meet the heightened standard imposed on prevailing defendants in federal civil rights cases articulated in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).[2]   The Court then noted that, "[a]lthough fees under this statute [the Virgin Islands Civil Rights Act] are governed by 5 V.I.C. § 541 rather than a federal statute, the policy considerations underlying the federal and local civil rights laws are similar – to encourage injured plaintiffs to come forward with their civil rights claims." Doc. No. 914 at 8.   It then held that "for the same

---

[2]      In *Christiansburg,* the Supreme Court of the United States held that a district court may in its discretion award attorney's fees to a prevailing defendant in a federal civil rights case "upon a finding that the plaintiff's action

Case: 1:05-cv-00174-AET-GWC   Document #: 932   Filed: 08/12/15   Page 7 of 21

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 7 of 21

reasons that Hovensa is not entitled to attorneys' fees under the federal civil rights statute, it also

is not entitled to attorneys' fees under the Virgin Islands civil rights statute." *Id.*  Defendants

respectfully submit that this ruling was incorrect for two reasons.

First, the Supreme Court of the Virgin Islands recently held that the Virgin Islands Civil

Rights Act, which predated the federal Civil Rights Act, should be interpreted based on its plain

language and that cases interpreting federal civil rights statutes have no bearing on the

interpretation of the local Act. *See Rennie v. Hess Oil Virgin Islands Corp.,* 2015 WL 525941, at

*11-12 (V.I. Feb. 6, 2015) ("[It is not clear why *Marzano*, or any other case interpreting the

federal Civil Rights Act, is of any assistance in interpreting the Virgin Islands Civil Rights

Act."). Accordingly, it was incorrect for the Court to simply apply the standard applicable to fee

awards in federal civil rights cases to the Virgin Islands Civil Rights Act.

Moreover, the authority relied on by the Court in subjecting Plaintiffs Virgin Islands

Civil Rights Act claims to the heightened federal standard -- *Lue-Martin v. March Group*

*L.L.L.P.*, 379 Fed. Appx. 190 (3d Cir. May 13, 2010) -- did not actually conduct an analysis of

this issue, and this Court previously has conducted an analysis of the issue and held the exact

opposite. In *Lue-Martin,* the United States Court of Appeals for the Third Circuit merely stated:

"Though 5 V.I.C. § 541 clearly contemplates that an award of fees will be made in the usual

course, we see no abuse of discretion in declining to award fees in this case." *Id.* at 194.  It did

not conduct any analysis of the statutory language of Section 541 as compared to the federal fee

shifting statute, or any evaluation of the appropriateness of subjecting a prevailing plaintiff under

the territorial statute to the limitations placed on prevailing federal civil rights plaintiffs.  The

trial court likewise conducted no such analysis.  It merely denied fees in connection with the

---

was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 8 of 21

plaintiff's federal civil rights claims as this Court did, on grounds that such claims were non-frivolous, and then denied fees relating to the local civil rights claims based on the same reason. *Lue-Martin v. March Group L.L.L.P.*, Civil No. 2003-105, Order at 2, Doc. No. 291 (Oct. 17, 2008) (unreported) ("Section 541 of Title 5 of the Virgin Islands Code permits courts to award attorneys' fees and other costs to the prevailing party. Such an award, however, is at the court's discretion. V.I. Code Ann. tit. 5, § 541(b). We decline to assess fees and costs on Lue-Martin here for the same reason we decline to do so under §1988(b).").

However, in contrast to the conclusory holdings in *Lue-Martin*, this Court in *Hodge v. Superior Court of the V.I.*, 2009 WL 4543629 (D.V.I. Nov. 25, 2009) conducted a detailed analysis of the appropriateness of subjecting a prevailing defendant on a territorial law civil rights claim to the *Christiansburg* standard, and held that the federal standard does not apply.  In *Hodge*, the Court entered summary judgment in favor of the defendant on the plaintiff's claim brought under the Virgin Islands Whistleblower Protection Act ("WPA"), title 10, section 121, *et seq.* of the Virgin Islands Code. *Id.* at *1.  The plaintiff urged the Court to "adopt the more difficult standard for recovery of attorneys' fees by prevailing defendants articulated under federal civil rights statutes, as stated in [*Christiansburg*[.]" *Id.* at *3.  The plaintiff further contended that the fee-shifting provision of the WPA, title 10, section 124 of the Virgin Islands Code ("Section 124"), precluded an award of fees to a prevailing defendant on a WPA claim. *Id.* at *1-2.  Section 124 provides, in pertinent part, that "[a] court may also award ***complainant*** all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award if appropriate." 10 V.I.C. § 124 (emphasis added).  The Court rejected both of the plaintiff's arguments.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 9 of 21

Like the Virgin Islands Supreme Court in *Rennie,* the *Hodge* Court first interpreted the WPA and Section 541 according to the plain language of those statutes.  It noted that "Section 124, by its plain language, does not preclude an award to a prevailing defendant. No other provision of the WPA expressly precludes an award to prevailing defendants. Section 541, however, expressly provides for an award of attorneys' fees to a prevailing defendant in any civil action." *Id.* at *2.  It then addressed whether a prevailing defendant on a WPA claim may recover attorneys' fees under Section 541, and held that it could:

> Because Section 124 was enacted after Section 541, Hodge argues Section 124, by its express provision of fee awards only to a "complainant," impliedly repealed Section 541 in part to the extent Section 541 provides for fee awards to prevailing defendants in WPA actions. ***This Court, a federal tribunal, should not and will not read a prohibition into Section 124, a Virgin Islands territorial statute, by implication from the WPA's silence on awards of attorneys' fees to prevailing defendants.*** *See Creque v. Luis*, 803 F.2d 92, 95 (3d Cir. 1986) (noting the doctrine of repeal by implication, where one statute impliedly repeals a prior, inconsistent statute, is "an interpretative tool of last resort") (citing Porter v. U.S. Dep't of Justice, 717 F.2d 787, 797 (3d Cir.1983) (ruling the doctrine of repeal by implication has been employed narrowly and is generally disfavored as a means of statutory construction)). ***If the Virgin Islands Legislature desires to preclude prevailing defendants from the recovery of attorneys' fees in WPA actions, it can do so by legislative action.***
>
> Moreover, both Section 124 and Section 541 concern the same subject matter: awards of attorneys' fees. Section 541 deals generally with fee awards to prevailing parties in all civil actions, whereas Section 124 deals specifically with fee awards to plaintiffs in the context of the WPA. . . .
>
> . . .
>
> ***As mandated by the Third Circuit in Creque, Section 124 and Section 541 must be construed together in harmony.*** So read, Section 124 is in no way inconsistent with Section 541. The plain language of Section 124 can reasonably be read to afford an award of attorneys' fees only to a prevailing plaintiff or, in the court's discretion, an award to a non-prevailing yet meritorious plaintiff. ***So construed, there is no conflict between Section 124 and Section 541 because prevailing plaintiffs can recover fee awards under both statutes.*** Even in the case of a non-prevailing yet meritorious plaintiff, there is no conflict. The court would have discretion to fix an award for a meritorious, non-prevailing plaintiff under Section 124, even if the court also exercised its discretion in the same case to award fees to a prevailing defendant under Section 541. Section 124 and Section 541 are not mutually exclusive. A court could make awards under both statutes to parties in

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 10 of 21

an action without creating conflicting obligations because, under both statutes, the decision to award any amounts and the amounts to be awarded under both statutes are entirely within the court's discretion. Thus, the two statutes can be read together and reconciled.

*Id.* at *2-3 (emphasis added).

The Court in *Hodge* then rejected the plaintiff's contention that prevailing defendants under the WPA should be subjected to the *Christiansburg* standard.  It found no valid legal authority "to support application of a federal standard to awards of fees under Virgin Islands territorial law, such as Section 541 or Section 124." *Id.* at *3-4.  To the contrary, the *Hodge* Court cited a number of cases holding that:

> The standard for awarding attorneys' fees to prevailing defendants in federal civil rights cases does not apply to cases arising under Virgin Islands law. *See Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 269 n. 6 (3d Cir .2004) (distinguishing the standard for awarding attorneys' fees to prevailing defendants in federal civil rights cases from the standard for recovery of attorneys' fees under Virgin Islands territorial law, and stating under Section 541 "the standards for recovering attorney's fees do not differ based upon whether the prevailing party is the plaintiff of defendant"); *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, No. 2001-155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004) (distinguishing the standard for awards of attorneys' fees in federal civil rights cases from the Section 541 standard because "[t]he Virgin Islands Legislature more broadly allows a court to award to any prevailing party in a civil action costs and fees it incurred in prosecuting or defending the action"); *V.I. Bar Ass'n v. Gov't of the V.I.*, 661 F. Supp. 501, 503 (D.V.I. 1987) (distinguishing the standard for awards of attorneys' fees in federal civil rights cases from Section 541 awards of attorneys' fees, where the defendant prevailed on both federal civil rights and Virgin Islands territorial claims, because "[i]t is clear that 5 V.I.C. § 541 permits the award of attorneys' fees as costs only in actions brought pursuant to Virgin Islands, and not federal law") (citation omitted), *aff'd in part, vacated in part*, 857 F.2d 163 (3d Cir. 1988).

*Id.* at *4.  Accordingly, the Court awarded attorneys' fees to the defendant, without requiring a finding that the plaintiff's claims were frivolous.

Since its ruling in *Hodge,* this Court has reaffirmed that the heightened standard articulated in *Christiansburg* does not apply to claims arising under the Virgin Islands Civil

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 11 of 21

Rights Act. *Richardson v. Port Authority*, 2013 WL 1686338, at *2 (D.V.I. Apr. 16, 2013) (holding that the *Christiansburg* standard did not apply to the plaintiff's territorial law claims, including her claims arising under the Virgin Islands Civil Rights Act). Accordingly, Defendants respectfully submit that their entitlement to attorneys' fees incurred in defending against these territorial law claims, including his claims brought pursuant to the Virgin Islands Civil Rights Act, is not subject to the limitations imposed on prevailing defendants in federal civil rights cases articulated in *Christiansburg*. Defendants therefore may recover attorneys' fees incurred in connection with Plaintiffs' Virgin Islands Civil Rights Act claims notwithstanding the Court's prior holding that such claims were not frivolous. Unlike the differential standard for prevailing plaintiffs and defendants in federal civil rights cases, "[w]ith respect to claims arising under Virgin Islands law . . . the standards for recovering attorney's fees do not differ based upon whether the prevailing party is the plaintiff or defendant." *Parilla*, 368 F.3d at 278 n. 6. Indeed, as this Court has explained in enacting Section 541, "[t]he Virgin Islands Legislature more broadly allows a court to award to *any* prevailing party in a civil action costs and fees it incurred in prosecuting *or defending* the action." *Equivest St. Thomas, Inc.*, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004) (emphasis added).

## II.   THE AMOUNT OF ATTORNEYS' FEES SOUGHT BY DEFENDANTS IS REASONABLE

### A.   Because Plaintiffs Admit That All of Their Claims Stem From The Same Set of Facts, Apportionment Based On The Type of Claim Asserted Is Inappropriate

Defendants seek reimbursement for attorneys' fees expended in defending against Plaintiffs' claims arising under Virgin Islands law only. They do not seek fees incurred in defending against Plaintiffs' federal civil rights claims, which, under *Christiansburg,* must be found frivolous before any fees may be awarded to a prevailing defendant. Similarly,

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 12 of 21

Defendants recognize that, under Section 541, fees incurred defending against personal injury claims are not recoverable unless the Court finds such claims to be frivolous.  However, in this case, it would be inappropriate to reduce Defendants' fee award proportionately by the amount of claims potentially subject to a frivolity standard.  That is, it would be inappropriate to reduce Defendants' fee award to reflect the fact that they do not seek fees incurred in defending against Plaintiffs' federal civil rights claims.  Likewise, to the extent any of Plaintiffs claims are deemed "personal injury claims" – which Defendants do not concede – it would be inappropriate to reduce a fee award proportionately based on those claims.

The Third Circuit has held that "where a plaintiff's claims involve 'a common core of facts. . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" *McKenna v. City of Philadelphia,* 582 F.3d 447, 457 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Third Circuit also has noted that the Supreme Court of the United States has cautioned "that courts should not reduce fees simply because some of a prevailing party's *related* claims are unsuccessful." *Id.* (citing *Hensley,* 461 U.S. at 434-35.

In their Opposition to HOVENSA's motion for an award of attorneys' fees and costs, Plaintiffs explicitly stated that "***Plaintiffs' territorial claims which derived from the same set of operative facts as their Title VII claims*** are likewise not frivolous." Doc. No. 855 at 7 (emphasis added).  Accordingly, because Plaintiffs admit that all of their territorial and federal claims involve a common core of facts, it would be infeasible to separate out the fees incurred litigating Plaintiffs' federal claims and any territorial personal injury claims from the fees incurred litigating his territorial law non-personal injury claims.  Moreover, under these circumstances, it would be inappropriate to reduce Defendants' fee award by the amount of fees allegedly

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 13 of 21

attributable to Plaintiffs' federal claims, or to any claims that could potentially be deemed personal injury claims. *See McKenna, Hensley, supra.*

### B.   Defendants Will Proportionally Deduct Attorneys' Fees Fairly Attributable To Plaintiffs Other Than Mendez, Smith, Bynoe, and Gonzalez

While it is inappropriate to reduce an award of attorneys' fees by the number of federal and/or personal injury claims asserted by Plaintiffs in this case, Defendants have reduced the amount of fees sought to reflect the fact that they only seek to recover such fees from four out of the original forty-eight plaintiffs who initiated this litigation.   In its Opinion regarding HOVENSA's motion for attorneys'' fees and costs, this Court found that "it would be clearly unreasonable to force these last few Plaintiffs to shoulder all of Hovensa's litigation expenses incurred in defending the entire lawsuit[.]" Doc. No. 914 at 7.  Accordingly, the Court held that the most HOVENSA could recover would be eight percent (8%) of the requested attorneys' fees. Defendants respectfully submit that the vast majority of the attorneys' fees in this case would have been reasonably and necessarily incurred even if the case had been brought by only the four (4) Plaintiffs at issue in this Motion.[3]  Nonetheless, in accordance with this Court's February 18, 2015 Opinion, Defendants will limit their request for attorneys' fees to 8% of the fees incurred in this action.

### C.   The Amount of Attorneys' Fees Requested by Defendants Was Reasonably and Necessarily Expended

The amount of attorneys' fees awarded to a prevailing party under the Virgin Islands fee-shifting statute must be reasonable.  5 V.I.C. § 541.  The Court uses the familiar lodestar method

---

[3]      For example, the vast majority of the time spent conducting legal research, and drafting the summary judgment motions in this case related to the substantive law governing Plaintiffs' claims in general, and the joint employer doctrine, which applied without regard to the number of Plaintiffs involved in this action.  Furthermore, Mendez, Smith, and Gonzalez each named all thirty-nine (39) co-plaintiffs who remained in this litigation at the time they served Defendants with their initial disclosures in July 2010.  Bynoe named twenty-four (24) co-plaintiffs in his initial disclosures, five (5) of whom were not named in the other Plaintiffs' disclosures.  At a minimum, Defendants would have taken the depositions of all individuals named in a given Plaintiff's initial disclosures, in

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 14 of 21

to determine what fees are reasonable. *See Hodge,* 2009 WL 4543629, at *4 (employing the lodestar standard to calculate reasonable attorneys' fees expended in litigating a local civil rights claim under Section 541); *see also Judi's of St. Croix Car Rental v. Weston,* 2008 V.I. Supreme LEXIS 21, at *3-8 (V.I. May 19, 2008) (employing the lodestar standard to calculate reasonable attorneys' fees expended in litigating an appeal to this Court). This method utilizes a straightforward calculation, which multiplies the hours reasonably expended on a matter by the reasonable hourly rate. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed. App'x 93, 96 (3d Cir. 2006) (citing *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (explaining the lodestar calculation)); *see also Hodge,* 2009 WL 4543629, at *4 ("The lodestar amount is reached by multiplying the number of hours reasonably expended by a reasonable hourly rate").

In determining the reasonableness of the hours expended on a matter, the Court evaluates the following factors:

> the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.

*Wenner v. Gov't of the V.I.*, 1993 WL 661182, at *3 (D.V.I. 1993); *accord Judi's of St. Croix Car Rental*, 2008 V.I. Supreme LEXIS 21, at *3.

Defendants seek attorneys' fees against each of the Plaintiffs in the amounts set forth in the Declaration of Counsel attached hereto as **Exhibit 1**.[4] As explained below, application of the Lodestar standard shows that the amount of fees requested is reasonable.

---

addition to the Plaintiff himself. Thus, Defendants would have taken (or attempted to have taken) at least forty-five (45) depositions, even if the Complaint had been filed by only the four (4) Plaintiffs at issue in this Motion.

[4] Because the *Mendez* and *Smith* cases were filed as separate actions at different times, Ogletree Deakins originally created two separate matters for recording attorney time in the cases. The *Mendez* matter number is 316087-75 and the *Smith* matter number is 316087-77. After the cases were consolidated, it became administratively untenable to apportion time between the two matters. Although both matter numbers remained

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 15 of 21

***Substantial time and labor.***   Plaintiffs cannot dispute that this litigation required substantial time and labor.   This case was commenced by forty-eight (48) plaintiffs, and Defendants deposed thirty-seven (37) plaintiffs in St. Croix and Texas, and appeared for twelve (12) depositions in which the Plaintiff-deponent failed to appear. *See* Chart of Depositions Noticed by Defendants, attached hereto as **Exhibit 2.**  Even if only the four (4) Plaintiffs at issue in this Motion had commenced this litigation, the case still would have involved a minimum of forty-five (45) Plaintiffs' fact witnesses who Defendants would have needed to depose. *See* Note 3, *supra.*   The Complaint alleged six (6) separate causes of action against Defendants.    In response to Plaintiffs' discovery requests, Defendants collected, reviewed, redacted, and produced thousands of documents to Plaintiffs.  Furthermore, Plaintiffs deposed the sixteen (16) fact witnesses in St. Croix, Texas, Puerto Rico, and South Carolina, requiring counsel for Defendants to appear for and defend the depositions. *See* Chart of Depositions Noticed by Plaintiffs, attached hereto as **Exhibit 3.**

Counsel for Plaintiffs aggressively prosecuted this litigation, resulting in numerous informal dispute conferences among counsel and extensive motion practice.  As of the date of filing, there have been 916 numbered docket entries.  Given the experience and aggressiveness of Plaintiffs' counsel, the complexity of the issues, and the financial stakes, these matters plainly required a substantial amount of time and labor from defense counsel.

***Novelty and difficulty of questions involved.***   Although superficially an employment discrimination case, this litigation presented numerous novel and complex issues of law.  The parties vigorously disputed a number of legal and factual issues including *inter alia* (1) whether Plaintiffs were considered to be Defendants' "employees" for purposes of the relevant anti-

---

active, counsel predominantly began using the Mendez matter number for time-keeping purposes.  There is no duplication of time entries between the Mendez and Smith matters.  (That is, a time entry on the Mendez matter will

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 16 of 21

discrimination statutes, where, as this Court noted, "neither furnishes a definition of employee that sheds light on the issue," Doc. No. 844 at 7; (2) whether Defendants were Plaintiffs' joint employers under a fact-specific common-law agency analysis; (3) whether Defendants could be liable under a single-employer theory of liability, and (4) whether Plaintiffs presented sufficient evidence to sustain their six (6) substantive causes of action against Defendants – which resulted in a thirty-six (36) page Memorandum Opinion by the Court. *See* Doc. No. 847.   Additionally, the sheer scope of the case—in terms of the number of witnesses, documents, the number of claims, and the number of actual and proposed amended pleadings—greatly added to its complexity.

**Skill required.**   Sheer management of this case required significant skill on the part of defense counsel.  The amount of time spent litigating this case was more than reasonable in light of the number of Plaintiffs, witnesses, and claims, the complexity of the legal issues, the scope of the issues for fact and expert discovery, the scope of the summary judgment record, and the aggressiveness of Plaintiffs' counsel.  Preparation of the summary judgment briefs in this case required defense counsel to review and master an extremely voluminous record.  *Cf. Judi's of St. Croix Car Rental*, 2008 V.I. Supreme LEXIS 21, at *7 (reducing a fee award, *inter alia,* because "the record in this case was not extensive").

**Reasonable hourly rates.** The fees sought by Defendants are based upon the discounted rates actually billed to and paid by Defendants -- $85/hour for paralegals, $220/hour for associates, and $255/hour for shareholders -- which are lower than counsel's standard billing rates, and are lower with the customary charges of the bar for similar services. *See, e.g., Equivest St. Thomas, Inc.*, 2004 WL 3037953, *8 (finding hourly billing rates ranging from $95.00 per

---

not also appear on the Smith matter or vice-versa).

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 17 of 21

hour for paralegal work to $300.00 per hour for work by a partner in one firm, and ranging from $246.50 per hour for work by an associate to $403.75 per hour for work by a partner in co-counsel's firm to be reasonable); *cf. Morcher v. Nash*, 32 F. Supp. 2d 239 (D.V.I. 1998) (awarding fees based upon hourly rates of $210 per hour for work by partners performed in 1997 and 1998, *i.e.*, approximately seventeen (17) years ago)).

***Amount in controversy.*** This Court also considers the amount in controversy in determining the reasonableness of the fee request. Although this case did not involve a request for a sum certain, Defendants notes that the amount in controversy was extremely high (*i.e.*, many million dollars in aggregate). *See Lohman v. Duryea Borough,* 574 F.3d 163, 167 (3d Cir. 2009) ("We agree with the District Court that Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award in a particular case."). Defendants reserve the right to introduce evidence regarding the actual amounts of Plaintiffs' settlement demands, *in camera,* in the event that opposing counsel elects to dispute Defendants' representations regarding the amount in controversy. Clearly, this is not a case in which the amount of fees requested is disproportionate to the amount in controversy. *Cf. Judi's of St. Croix Car Rental*, 2008 V.I. Supreme LEXIS 21, at *3-4 (noting that "a request that is four times the amount in controversy is unlikely to be reasonable").

***Benefit received by counsel's labor.*** The benefit that Defendants received as a result of counsel's labor is significant, as Defendants won summary judgment with respect to all of the claims brought by Plaintiffs Mendez, Smith, Bynoe, and Gonzalez.

***Overall proportionality.*** The reasonableness of Defendants' fee petition becomes apparent by comparing the fees requested with the overall fees actually incurred. As of February 2015, the total amount of legal fees actually billed to Defendants in these matters is $739.403.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 18 of 21

Relative to the total $739.403 in fees actually incurred in these cases, Defendants' petition for fees in the amount of $59,152.24 -- $14,788.06 against each Plaintiff --  is modest.

In sum, the number of hours expended by counsel was proportionate to the skill and time required to litigate a case of this nature, and the rates charged by counsel were comparable to those charged by other attorneys for similar services in this jurisdiction.  Accordingly, the Court should exercise its discretion to find that the amount of attorneys' fees requested by Defendants is reasonable.

## III.   DEFENDANTS ARE ENTITLED TO RECOVER COSTS EXPENDED IN DEFENDING AGAINST PLAINTIFFS' CLAIMS

Defendants request reimbursement of certain of the costs expended in litigating this case, and recognize that Federal Rule of Civil Procedure 54(d)(1) and Local Rule of Civil Procedure 54.1 "require a bill of costs to be filed first with the Clerk of Court so that the Clerk may tax costs to the losing party. The district court reviews the Clerk's cost determination." *Wallace v. Kmart Corp.*, 2011 WL 4024796, at *3 (D.V.I. Sept. 8, 2011) Fed. R. Civ. P. 54(d)(1); LRCi 54.1.  Thus, Defendants have filed Bills of Costs and Notices of Application to the Clerk of the Court to Tax Costs against each of the Plaintiffs at issue in this Motion.  Nonetheless, as this Court addressed HOVENSA's request for taxation of costs together with its request for attorneys' fees, Defendants will briefly discuss certain legal issues related to their request for taxation of costs herein.

As stated above, the authority for awarding such costs is found in Section 541. *See* 5 V.I.C. § 541(a).  Pursuant to Section 541, Defendants, as prevailing parties in this litigation, are entitled to an award of costs expended in defending against all of Plaintiffs' claims.

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 19 of 21

The items taxable as costs under Section 541(a) include: "[n]ecessary expenses of taking depositions which were reasonably necessary in the action;" and "[e]xpenses of publication of the summons or notices, and the postage when they are served by mail[.]" 5 V.I.C. § 541(a).

As explained above, Defendants are the prevailing parties by virtue of the grant of summary judgment in their favor on all of Plaintiffs' claims asserted against them. Thus, Defendants seek reimbursement for eight percent (8%)[5] of all costs covered by Section 541 incurred in these matters, against each of the Plaintiffs in the amounts set forth in the Declaration of Counsel attached hereto as **Exhibit 1,** and in the Bills of Costs and Notices of Application to the Clerk of the Court to Tax Costs against each of the Plaintiffs, addressed to the Clerk of the Court.

A.    **Defendants Are Entitled To Recoup Deposition Travel Costs Under The Circumstances Of This Case**

In its February 18, 2015 Opinion on HOVENSA's motion for fees and costs, this Court found that "Defendant made no effort to identify any extraordinary circumstances that would justify departing from the general rule that travel expenses incurred in taking depositions should not be awarded under Virgin Islands law." Doc. No. 914 at 6. Defendants recognize that notwithstanding Section 541's allowance for "[n]ecessary expenses of taking depositions which are reasonably necessary in the action[,]" 5 V.I.C. § 541(a)(2), Virgin Islands Courts have held that a party cannot recover travel costs for taking depositions absent "special circumstances," *M&N Aviation, Inc. v. United Parcel Service, Inc.*, 2014 WL 1128225, *4 (D.V.I. Mar. 21, 2014). Yet, Defendants are unaware of any Virgin Islands case in which the court delineated what types of special circumstances warrant an award of deposition-related travel costs.

---

[5]     Defendants maintain that the vast majority of costs expended in this case would have been expended even if the case had been brought by only the four (4) Plaintiffs at issue in this Motion. *See* Note 3, *supra.* Nonetheless,

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.*, Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 20 of 21

Significantly, however, the Supreme Court of the Virgin Islands has recognized that "travel expenses for depositions awarded under section 541 have been upheld on appeal[,]" *Terrell v. Coral World*, 2011 WL 3492575, at *3 (V.I. Jul. 20, 2011), citing to *Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 89 (3d Cir. 1988) -- a case which involved similar circumstances to those present here. Indeed, in *Dr. Bernard Heller Found.,* the Third Circuit affirmed the award of travel costs where, as here, opposing parties were located outside St. Thomas and travel was required to conduct depositions. *See, e.g., Dr. Bernard Heller Found. v. Lee,* 847 F.2d 83, 89 (3d Cir. 1988) (holding that the District Court did not abuse its discretion in holding that "in view of the circumstances of this case, *i.e.*, co-counsel and opposing parties in New York and opposing parties in St. Thomas, we will allow hotel accommodations, air fare, meals and ground transportation . . . ." (internal quotations omitted)).

As detailed herein, Defendants conducted thirty-seven (37) depositions of plaintiffs in St. Croix and Texas, where the various plaintiffs resided, and Plaintiffs took sixteen (16) fact witness depositions in St. Croix, Texas, Puerto Rico, and South Carolina. Under these circumstances, an award of deposition travel costs is reasonable and should be allowed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court GRANT their Motion for Attorneys' Fees and Costs, and order Plaintiffs to reimburse them for their attorneys' fees in an amount to be set by the Court and after reviewing the submissions. Defendants further request that the Clerk of the Court tax costs against each of the Plaintiffs in accordance with the Bill of Costs and supporting documentation filed by Defendants.[6]

---

Defendants only seek eight percent (8%) of costs incurred, in accordance with this Court's February 18, 2015 Opinion.

[6]      Defendants also respectfully request that this Court provide, as part of its order awarding fees, a provision requiring Plaintiffs to pay any amounts awarded within a time frame certain, failing which Defendants may seek a

*Mendez, et. al. v. Puerto Rico International Companies, Inc., et al.,* Civil Nos. 2005-174 & 2005-199
Memorandum in Support of Motion for Attorneys' Fees and Costs
Page 21 of 21

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

DATED: August 12, 2015          By: _____ */s/ Charles E. Engeman* _____

Charles E. Engeman
VI Bar No. 498
Bailey A. Calhoun
VI Bar No. 1070
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, USVI 00802
Telephone: (340) 714-1235
Facsimile:  (340) 714-1245

*Attorneys for P2S, PPSI, FEI and Fluor*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esq.
LEE J. ROHN AND ASSOCIATES, LLC
1101 King Street, Suite 2
Christiansted, VI 00820

Linda J. Blair, Esq.
BRYANT, BARNES, & BLAIR, LLP
1134 King Street, 2nd Floor
P.O. Box 224589
Christiansted, St. Croix 00822

_____ */s/ Charles E. Engeman* _____

---

hearing to show cause why Plaintiffs should not be held in contempt. *Cf. Equivest St. Thomas, Inc.*, 2004 WL 3037953, at *10 (directing government to pay fee award of $366,122.80 within ninety days of court's ruling).