NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| JUAN MENDEZ, et al., | |
| Plaintiffs, | Civ. No. 05-0174 (consolidated with Civ. No. 05-0199) |
| v. | **OPINION** |
| PUERTO RICAN INTERNATIONAL COMPANIES, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon the motion of Defendants Fluor Corporation ("Fluor"), Fluor Enterprises, Inc. ("FEI"), Plant Performances Services, LLC ("P2S"), and Plant Performance Services International, Ltd. ("PPSI") (collectively "Defendants") for attorneys' fees and costs against Plaintiffs Juan Mendez, Shawn Smith, Michael Bynoe, and Jose Gonzalez (collectively "Plaintiffs") under Federal Rule of Civil Procedure 54(d) and title 5, section 541 of the Virgin Islands Code. (ECF Nos. 931-40). Plaintiffs have not filed any opposition. The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants' motion will be denied without prejudice.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## BACKGROUND

As the parties are already familiar with this case, the Court will review here only those facts relevant to the current motion. On November 14, 2005 and December 27, 2005, two groups of plaintiffs (totaling 48 total plaintiffs) filed complaints alleging illegal employment discrimination and unlawful termination pursuant to Title VII of the Civil Rights Act of 1964 and the Virgin Islands Civil Rights Act, among other claims. The two cases were consolidated on March 26, 2006 (Case 05-0199, ECF No. 27).[2] On January 24, 2011, the plaintiffs filed their second amended complaint, asserting claims against six defendants: Hovensa, LLC ("Hovensa"), Puerto Rican International Companies, Inc. ("PIC"), P2S, PPSI, Fluor, and FEI. (ECF No. 558). The plaintiffs had contracted to provide mechanical work for the six defendants and alleged that during their employment, they suffered various types of discrimination and illegal retaliation, including the use of racial slurs by PPSI supervisors. Subsequently, the plaintiffs were terminated in October and December of 2004. They filed suit roughly a year later, at the end of 2005.

As the parties went through discovery and dispositive motions practice, the vast majority of plaintiffs settled or were dismissed for failure to prosecute, and most of the claims were dismissed. On October 7, 2013, the Court granted summary judgment to Hovensa, Fluor, FEI, and P2S, leaving only the claims against PPSI and PIC. (ECF No. 844). At this point, all but four of the remaining plaintiffs settled. Two days later, on October 9, 2013, the Court granted summary judgment in favor of PPSI, leaving PIC as the sole remaining defendant. (ECF No. 847). On February 18, 2015, the Court granted default judgment against the sole remaining

---

[2] All citations to the record hereafter will refer to the record in the *Mendez* case, Civ. No. 05-0174, unless otherwise noted.

defendant, PIC, in an amount determined on July 29, 2015 to be $372,048.00. (ECF No. 912, 930).

Meanwhile, the defendants who had been dismissed from the case filed motions for attorneys' fees and costs. On December 21, 2013, Hovensa filed a motion seeking reimbursement for the entirety of the litigation from Plaintiffs. (ECF No. 850). The Court granted Hovensa's motion in part on February 18, 2015, awarding costs of $2,198 against Plaintiffs. (ECF No. 914). On August 12, 2015, all of the other defendants dismissed from the lawsuit filed the present motion for attorneys' fees and costs. (ECF Nos. 931-40). However, on August 28, 2015, Plaintiffs filed a notice of appeal with regard to the opinions granting summary judgment in favor of the defendants, the order and entry of default judgment against PIC, and all other adverse rulings in the case. (ECF No. 941) (referencing ECF Nos. 841, 842, 843, 844, 845, 846, 847, 930). That appeal is presently pending, but it is stayed due to defendant Hovensa's bankruptcy proceedings. *See Juan Mendez, et al. v. Sencion Guerrero, et al.*, No. 15-3120 (3d Cir. Oct. 22, 2015) (clerk's order staying the appeal pending defendant Hovensa, LLC's bankruptcy proceedings).

## DISCUSSION

While the general "American Rule" of our legal system requires each party to bear their own litigation expenses regardless of whether they win or lose, Congress provides limited exceptions to the rule by statute. *Smith v. V.I. Port Auth.*, No. 02-0227, 2012 WL 4472827, at *2 (D.V.I. Sept. 28, 2012). Federal Rule of Civil Procedure 54(d)(2) "recognizes the possibility of awards of attorney's fees . . . and establishes a procedure for asserting a right to such an award . . . [but] courts must look to another source of substantive law to determine whether a party is entitled to attorney's fees," because Rule 54(d) is silent with respect to a party's entitlement to

3

such fees. *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. 10-0083, 2014 WL 1178200, at *2 (D.V.I. Mar. 21, 2014). For claims arising under local rather than federal law, local fee shifting statutes apply. *See, e.g., Smith*, 2012 WL 4472827, at *4. Title 5, section 541 of the Virgin Islands Code permits the prevailing party to recover attorneys' fees at the court's discretion. 5 V.I.C. § 541(a)(6).

However, Virgin Islands courts have found that trial courts may not rule on motions for attorneys' fees while the case is in the process of appeal, because "the presence of ongoing litigation precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under the relevant law." *Virgin Islands Gov't Hosps. & Health Facilities Corp. v. Gov't of Virgin Islands*, No. 07-0125, 2008 WL 4560751, at *2-3 (V.I. Sept. 16, 2008) (internal citation omitted); *see also Lempert v. Singer*, No. 90-0200, 1993 WL 661181, at *3 n.2 (D.V.I. Dec. 30, 1993). In such circumstances, the motion for attorneys' fees is not ripe, and the trial court may not consider the merits of the motion due to Article III's requirement that a court only rule on actual cases and controversies. *Virgin Islands Gov't Hosps.*, 2008 WL 4560751, at *2. Rather than consider the motion at this stage, the court must dismiss the motion without prejudice. *See id.* at *3.

Defendants filed the present motion for attorneys' fees and costs on August 12, 2015. (ECF Nos. 931, 933, 934, 935, 936). At that time, Plaintiffs had not filed any notice of appeal of the orders dismissing their claims or the judgment. However, Plaintiffs filed a notice of appeal with this Court on August 28, 2015. (ECF No. 941). That appeal is pending in the Third Circuit, although it is currently stayed due to defendant Hovensa's bankruptcy proceedings. Given that this case is currently on appeal, the motion for attorneys' fees and costs is not ripe for consideration. Therefore, the motion will be denied without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees and costs will be denied without prejudice. A corresponding order follows.

ANNE E. THOMPSON, U.S.D.J.